[Civil No. 1109.    Filed April 2, 1910.]

[108 Pac. 221.]

R. A. AITON, Plaintiff and Appellant, v. THE BOARD OF MEDICAL EXAMINERS OF ARIZONA, Defendant and Appellee.

APPEAL AND ERROR—ORDERS APPEALABLE.—An order sustaining a demurrer to a petition for *certiorari*, unaccompanied by any application for leave to amend, or final order denying the petition, or any final judgment, does not determine the case, and, under Civil Code of 1901, paragraphs 441, 1214, 1493, permitting appeals from final judgments, no appeal lies from the order.

APPEAL from a judgment of the District Court of the Third Judicial District of the Territory of Arizona, in and for the County of Maricopa.   Edward Kent, Judge.   Petition dismissed.

Worsley & Feier, for Appellant.

The facts set forth in the appellant's affidavit or petition for a writ of *certiorari* to review the proceedings of the board of medical examiners are clear, definite and certain.   The court erred in not granting a writ of *certiorari* to review the proceedings of the medical board of examiners.   Where a complaint states a cause of action entitling plaintiff to some relief, though not in all demanded, it is error to sustain a demurrer thereto for want of sufficient facts.   *Jessup* v. *Jessup,* 7 Ind. App. 573, 34 N. E. 1017.   The objection that a pleading is too indefinite or uncertain cannot be reached by demurrer.   The proper course is to move to have it made more definite and certain.   *Thompson* v. *Madison Building & Aid Assn.,* 103 Ind. 279, 2 N. E. 735; *Wright* v. *Williams,* 83 Ind. 421; *Gabe* v. *McGinnis,* 68 Ind. 538; *Davis* v. *State,* 68 Ind. 104; *Williamson* v. *Yingling,* 93 Ind. 42.

John B. Wright, Attorney General, for Respondent.

The petition shows that appellant, Dr. Aiton, was a licensed physician; that charges were preferred against him; that he was given notice of such charges, and the time and place when and where the same would be heard; that at such hearing the charges were proven and the license of Dr. Aiton was revoked; that all of the procedure in reference to the matter was had in strict compliance with the law; that is, in strict compliance with Act No. 59 of the Session Laws of 1903.   The specific charges are set out in full.   The lower court sustained a general demurrer to the above petition and thus refused to grant the writ of *certiorari.*

The sole question presented by this appeal is, therefore, whether the court erred in sustaining such demurrer.   *Certiorari* is not a right, but depends upon the discretion of the court.   *Territory ex rel. Price* v. *Doan,* 7 Ariz. 89, 60 Pac. 893; *In re Hitz,* 111 U. S. 766, 4 Sup. Ct. 698, 28 L. Ed. 592.

This court will not interfere, therefore, with the exercise

of the discretion of the lower court, unless it appears that such discretion has been abused. *Reilly* v. *Clark,* 2 Ariz. 299, 15 Pac. 141; *Hampson* v. *Adams,* 6 Ariz. 335, 57 Pac. 621.

It is not claimed by the appellant in his brief or elsewhere that the lower court abused its discretion in refusing to grant the writ. We will assume, therefore, that there was no abuse of discretion.

PER CURIAM.—The record in this case disclosed that the appellant filed in the court below a notice of motion for a writ of *certiorari,* accompanied by the affidavit of the petitioner, setting forth the facts upon which the application was based. No motion appears of record. The affidavit concludes with a prayer that a writ of *certiorari* be allowed. The defendant, evidently in doubt as to the view the trial court might take as to whether the application was by motion or petition, answered "in resistance of said motion and the allowance of the writ," showing "that the facts stated in the petition of said plaintiff, attached to his motion in said matter, do not state facts sufficient to entitle him to the allowance of said writ of *certiorari,*" and prayed judgment that said motion and petition be denied. This pleading of defendant was treated as a demurrer, and was sustained. In due time the appellant in open court gave notice of appeal to this court from the order "sustaining the demurrer of the defendant," and thereafter filed his bond on appeal, wherein it is recited that he "has appealed from said order sustaining said demurrer to the supreme court of the territory."

The record is silent as to any application for leave to amend the petition. No final order denying the petition for the writ was entered, nor is there any final judgment in the cause. The entry in the clerk's minutes of an order sustaining a demurrer is not the equivalent of either a final order or final judgment. There must be a complete determination of the controversy before an appeal to this court will lie, unless otherwise expressly prescribed by statute. Paragraphs 441, 1493 and 1214 of the Revised Statutes of 1901.

The appeal is dismissed for want of jurisdiction.

The CHIEF JUSTICE not sitting.