[Civil No. 1341.    Filed February 24, 1914.]

[138 Pac. 1043.]

L. C. GONZALES, ANDREW E. MILLER, PETER THOMPSON, T. R. DENNY, J. E. PARKER, L. R. BAILEY, CHARLES J. HOLQUIST, F. R. LANE, E. W. DAVIS, S. P. BRISCOE, and Mrs. DELLA DENNY, *née* DELLA WILLIAMS, Joined by Her Husband, T. R. DENNY, *Pro Forma,* Plaintiffs in Error, v. DUEY & OVERLOCK, a Corporation, JAMES A. GIBBS, HARRY DUEY and L. J. OVERLOCK, in Their Individual Capacities, and FRANK R. HARRINGTON, as Assignee, Defendants in Error.

APPEAL AND ERROR—REVIEW—DECISIONS APPEALABLE.—A writ of error will not lie to review an order sustaining a demurrer to and motion to strike out part of the complaint, when the record contained no final judgment or order denying leave to amend, for an appeal can be taken only from a final judgment which disposes of the entire case.

WRIT OF ERROR from the Superior Court of the County of Cochise. Wm. F. Cooper, Judge. Dismissed.

The facts are stated in the opinion.

Mr. Ben Goodrich, for Plaintiffs in Error.

Mr. Fred Sutter, for Defendants in Error Harry Duey and L. J. Overlock.

SMITH, J.—It appears from the record in this case that the plaintiffs in error in this court, plaintiffs in the court below, filed their amended complaint in the court below on March 6, 1911, demurrers having been sustained to the original complaint. To this amended complaint, Harry Duey and L. J. Overlock, defendants in error in this court, defendants in the court below, filed general demurrers. Defendant L. J. Overlock also filed a motion to strike out certain portions of the amended complaint. On January 16, 1913, the following order was entered in the court below: "This cause coming before the court at this time on demurrer and motion to strike of the defendants, the defendants being represented by counsel O'Connell and Neal. Demurrer and motion argued and submitted, and the court, being fully advised in the premises, sustained the demurrer and granted the motion; and on agreement wherein plaintiff was allowed ten days in which to reply to defendants by brief, and the cause deemed submitted for decision upon defendants filing reply brief."

No other or further order appears of record in this case. On January 19, 1913, counsel for plaintiffs in error filed in the court below a motion for a new trial, upon which no action was taken by the trial court. Thereafter counsel for the plaintiffs in error brought the cause to this court by writ of error. Counsel for defendants in error move this court to quash the summons in error and dismiss this cause, on the ground that this court is without jurisdiction, for the reason that no final judgment has been rendered by the trial court in this cause from which an appeal can be taken or a writ of error prosecuted.

While the order of the trial court quoted above is not clear in its terms, it is, at most,. only an order sustaining the demurrers of defendants to the amended complaint and granting defendant L. J. Overlock's motion to strike certain portions of the amended complaint. This is the theory followed by counsel for plaintiffs in error, both in his motion for a new trial filed in the court below and in his briefs filed in this court in this cause.

The record in this cause does not disclose any application for leave to file a second amended complaint, nor does it disclose any order dismissing the cause, or any final judgment. In the absence of a statute to the contrary, it is the general rule that an order of the trial court sustaining a demurrer is not the character of an order from which an appeal may be taken or a writ of error prosecuted. This has been specifically decided in this jurisdiction. In the case of *Aiton v. Board of Medical Examiners of Arizona*, 13 Ariz. 74, 108 Pac. 221, the record discloses a similar situation. The trial court sustained a demurrer to plaintiff's petition. No other or further order was made, but thereafter the plaintiff and appellant gave notice of appeal to the supreme court of the territory. In rendering decision in that case, the court said: "The record is silent as to any application for leave to amend the petition. No final order denying the petition for the writ was entered, nor is there any final judgment in the cause. The entry in the clerk's minutes of an order sustaining a demurrer is not equivalent of either a final order or final judgment. There must be a complete determination of the controversy before an appeal to this court will lie, unless otherwise prescribed by statute."

Defendants in error, in their motion for dismissal, assign numerous other grounds for dismissal, but, as the ground discussed herein appears clearly sufficient, the further grounds will not be considered.

The writ of error is dismissed.

FRANKLIN, C. J., and ROSS, J., concur.

N. B.—Judge CUNNINGHAM being disqualified and having announced his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Hon. FRANK O. SMITH, Judge of the superior court of the state of Arizona, in and for the county of Yavapai, to sit with them in the hearing of this cause.