[Civil No. 1503.　Filed January 13, 1916.]

[154 Pac. 206.]

NAVAJO-APACHE BANK & TRUST CO., W. H. BUR-
BAGE and F. N. NELSON, Appellants, v. CAROLINE
DESMONT and WILLIAM H. WAHL, Appellees.

1. Appeal and Error—Nature of Remedy.—The right to appeal in any
case depends wholly upon the statute permitting an appeal in such
case.

2. Appeal and Error—Appealable Orders—"Final Order"—De-
murrer—Plea in Bar.—Civil Code of 1913, paragraph 1227, pro-
vides for an appeal from (1) final judgments in actions in the su-
perior court; (2) from certain enumerated orders; (5) from orders
affecting a substantial right and determining the action and pre-
venting judgment from which an appeal might be taken. Para-
graph 1230 provides that, on appeal from a final judgment the su-
preme court may review any intermediate order involving the merits
and necessarily affecting the judgment. Paragraph 1231 requires
the supreme court to review all orders assigned as error only upon
appeals from a final judgment. Paragraph 509 provides that all
issues of law arising on the pleadings and all pleas in abatement or
which do not go to the merits shall be disposed of by the court
before trial on the merits. In an action for an accounting, from
orders overruling defendant's general and special demurrer and dis-
allowing his plea in bar, he appealed. *Held,* that while the orders
appealed from determined the issues of law raised by the pleading
applicable to the facts, they left the questions of fact unsettled,
and were intermediate orders in contemplation of the trial on the
merits, and not final appealable orders.

APPEAL from a judgment of the Superior Court of the
County of Apache. George W. Crosby, Jr., Judge. Dis-
missed.

Mr. E. S. Clark and Mr. Fred W. Nelson, for Appellants.

Mr. George Estes, for Appellees.

CUNNINGHAM, J.—This action was commenced by the
appellees praying for an accounting and other relief, result-
ing from transactions dating from the year 1906, involving
a note and a chattel mortgage on sheep to secure the note and

payment on account. The appellants defended upon the grounds of misjoinder of parties defendant and nonjoinder of a necessary party and upon the grounds that the action is barred by the five-year statute of limitations; that the complaint fails to state facts sufficient to constitute a cause of action; that the matters and things set forth in the complaint have been formerly adjudicated by a competent court in three separate actions and are barred; and an answer denying all and singular the allegations of the complaint. On the thirteenth day of June, 1915, the court ordered the said pleas and special demurrer overruled. The court ordered the general demurrer overruled and the plea in bar, setting forth former adjudication, disallowed, whereupon the defendants gave notice in open court of appeal to the supreme court "from all orders and rulings of the court as to the case. . . . " On July 2, 1915, the court refused to set the case for trial on the issues of fact pending the decision of the supreme court as to whether or not the orders involved are appealable orders The documents specified by the defendants as necessary to present the questions involved on appeal were filed with the clerk of this court on September 10, 1915. On November 29, 1915, the plaintiffs, as appellees, appeared and moved to dismiss the appeal, because the orders appealed from are not final orders within the contemplation of the statute of appeals and subject to appeal. Appellants have made no reply to this motion, although the affidavit of the attorney for the movents alleges and shows that a true copy of the motion and a copy of the brief were mailed to one of the attorneys for appellants with sufficient postage thereon on the twenty-seventh day of November, 1915.

The right to appeal in any case depends wholly upon the statute permitting an appeal in such case. Paragraph 1227 of the Civil Code of Arizona of 1913 provides that:

"An appeal may be taken to the Supreme Court from a superior court in the following cases:

"(1) From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court.

"(2) From an order granting or refusing a new trial, or granting a motion in arrest of judgment; granting or dis-

solving an injunction, or refusing to grant or dissolve an injunction, or appointing a receiver, or dissolving or refusing to dissolve an attachment or garnishment; from any special order made after final judgment; from any interlocutory judgment, order, or decree made or entered in actions to redeem real or personal property from a mortgage thereof, or lien thereon, determining such right to redeem and directing an accounting; from an interlocutory judgment in any action for partition which determines the rights and interests of the respective parties, and directs partition to be made, and from any interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery.

"(3) From orders and judgments in probate matters.

"(4) From orders and judgments adjudging a person insane.

"(5) From any order affecting a substantial right, made in any action when such order in effect determines the action and prevents judgment from which an appeal might be taken.

"(6) From a final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"(7) From an order or judgment in *habeas corpus* cases. . . ."

The orders overruling a demurrer, a plea in abatement, or a plea in bar are not such final determinative orders as are made the subject of appeal and separate review within the purview of the said statute. Until final judgment in the cause, the trial court retains the power to vacate such orders upon proper grounds appearing, and grant the relief sought without appeal. Such orders may affect the final judgment, yet they are necessarily intermediate orders, made in contemplation of the trial on the merits as provided in paragraph 509 of the Civil Code of Arizona of 1913 as follows:

"All issues of law arising on the pleadings, and all pleas in abatement and other dilatory pleas remaining, and all pleas which do not go to the merits of the case shall be disposed of by the court before the case is called for trial on the merits."

Paragraph 1230 of the Civil Code of Arizona of 1913 provides that:

"Upon an appeal from a final judgment the Supreme Court may review any intermediate order involving the merits and necessarily affecting the judgment."

Paragraph 1232 of the Civil Code of Arizona of 1913 limits the right to appeal to any person aggrieved in the cases prescribed in chapter 1, title 6, of the Civil Code.

If the statute permits appeals from the orders disposing of the issues of law arising on the pleadings, the pleas in abatement and other dilatory pleas, and all pleas which do not go to the merits of the case, then necessarily an appeal would lie from each of said orders, and in order to receive the benefit of an appeal, all further proceedings must be suspended from the time of taking an appeal until the appeal is finally adjudicated. Paragraph 1231 of the Civil Code of Arizona of 1913 requires this court to review all orders and rulings made by the court below, which are assigned as error, only upon appeals from a final judgment. The orders appealed from certainly determined the issues of law raised by the pleading applicable to the facts, yet the questions of fact remained unsettled, and for that reason such orders are not, in their nature, final judgments in contemplation of appeals. 2 Cyc. 587; *Potter* v. *Talkington,* 5 Idaho, 317, 49 Pac. 14.

"Sometimes several issues of law and of fact are presented for the consideration of the court in the same suit or proceeding. In such case, there can be no judgment from which an appeal may be taken until all the issues are determined. For although the determination of an issue of law is a trial, and the decision rendered thereon is not an order, . . . but a judgment, still it is not until final judgment is entered that an appeal will lie." Freeman on Judgments, 3d ed., sec. 10.

Such is the clear meaning of our statute, and consequently the motion is well taken.

The appeal is dismissed and the cause remanded, for further proceedings according to law.

ROSS, C. J., and FRANKLIN, J., concur.