[Civil No. 1745.  Filed November 28, 1919.]

[185 Pac. 359.]

## CHARLES H. HOLLINGSWORTH, Appellant, v. GAZETTE PRINTING COMPANY, a Corporation, Appellee.

APPEAL AND ERROR—ORDER SUSTAINING DEMURRER NOT APPEALABLE.—
An appeal cannot be taken from an order sustaining a demurrer to a complaint with leave to amend, such an order being only an intermediate order subject to change by the court at any time before final judgment, it being necessary that the trial court reach a final stage in the proceeding before a cause can be removed by an appeal to the Supreme Court.

---

What judgments and orders may be appealed from, note, 20 Am. St. Rep. 173.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Dismissed.

Mr. W. H. Dial, for Appellant.

Mr. G. P. Bullard, for Appellee.

PER CURIAM.—This appeal is prosecuted from the following order:

"It is ordered that said demurrer be and the same is hereby sustained with leave to amend."

The minutes of the court, following such order, recite:

"Now the plaintiff gives notice of appeal to the Supreme Court of the State of Arizona, from the ruling of the court sustaining defendant's demurrer."

No further order seems to have been made in the lower court in the cause. The record was filed in this court on June 24, 1919. In due time, the defendant appeared and moved a dismissal of the appeal upon the grounds that no final judgment has been ordered or entered in the case appealed from and the order involved is not such final order from which order alone an appeal will lie, under the statute.

In support of such motion, defendant cites *Navajo-Apache Bank & Trust Co.* v. *Desmont,* 17 Ariz. 472, 154 Pac. 206. In that case, we held that an order overruling a demurrer is not an appealable order, but an intermediate order reviewable on an appeal from a final judgment.

Inadvertently, we denied this motion in chambers without opinion filed. Counsel for appellee has pressed upon us the fact that because the order is an intermediate order we have no jurisdiction to entertain the appeal, and a reconsideration of our former order denying the motion has resulted.

Upon mature consideration of the record before us, we are convinced that the order sustaining a demurrer to a complaint with leave granted the pleader to amend his complaint is, until the time granted in which to amend has expired or in some manner terminated, an intermediate order subject to change by the court at any time before final judgment in the cause.

The appeal from such order is premature if attempted to be taken before a final judgment has been rendered. By exercising the privilege granted him to amend, the plaintiff may be able to receive the relief obtainable by appeal—certainly, the trial court must reach a final stage in the proceedings before the cause can be removed by appeal to this court for review. We are not able to say that the trial court has reached a final stage in the proceeding. No party to the cause claims that any final judgment has been rendered.

The cause is dismissed from this court without prejudice to the rights of the plaintiff to further prosecute his action in the lower court to a final judgment as the law in such cases made and provided.