[Civil No. 2267. Filed March 27, 1925.]

[234 Pac. 563.]

E. A. RICE and N. L. RICE, Appellants, v. ANDREW V. HANSEN, an Individual and as Guardian of the Estate of KENNETH V. HANSEN, BYRON L. HANSEN, WOODROW A. HANSEN and LOY D. HANSEN, Minors, Appellees.

1. APPEAL AND ERROR—APPEAL FROM ORDER SUSTAINING GENERAL DEMURRER SHOULD BE DISMISSED.—Appeal from order sustaining defendant's general demurrer to plaintiffs' amended complaint should be dismissed, such order not being final within statute relating to appeals.

27 Ariz.—34

2. PLEADING—PLAINTIFFS' FAILURE TO TAKE ADVANTAGE OF ORDER
   ALLOWING AMENDMENT NOT CONSTRUED AS ELECTION TO STAND
   ON AMENDED COMPLAINT.—That plaintiffs, on sustaining of general
   demurrer to their amended complaint, did not take advantage
   of order allowing them to amend a second time, could not be
   construed as an election to stand on their amended complaint;
   usual practice being to inform court that an amended pleading
   will not be filed.

See (1) 3 C. J., p. 481.   (2) 31 Cyc., p. 358.

APPEAL from a judgment of the Superior Court
of the County of Navajo. J. E. Crosby, Judge.
Appeal dismissed.

Mr. Sidney Sapp and Mr. W. E. Ferguson, for
Appellants.

Mr. Thorwald Larson, for Appellees.

McALISTER, C. J.—This is an appeal from the
following order:

"Let the record show that the demurrer of the
defendants to the amended complaint is sustained."

Three days later, to wit, on October 25, 1923, the
minute entries show this order:

"The record may show that the plaintiffs have
ten days from this date to amend their complaint."

No amended complaint having been filed, the clerk
of the superior court entered the default of the
plaintiffs on November 6, 1923, but did not enter
judgment, and within the proper time thereafter
they gave notice of appeal from that certain order
wherein and whereby the court "sustained the de-
murrer of the defendants to the amended complaint."

It is apparent that the only order this court can
make is one of dismissal. There was no judgment
from which the plaintiffs could appeal, for an order
sustaining a demurrer is not a final order, within

the meaning of the provisions of the statute relating to appeals. *Hollingsworth* v. *Gazette Printing Co.,* 21 Ariz. 51, 185 Pac. 359; *Adair et al.* v. *Williams et al.,* 24 Ariz. 422, 26 A. L. R. 278, 210 Pac. 853. And the same is true of an order overruling a general demurrer. *Navajo-Apache Bank & Trust Co. et al.* v. *Desmont et al.,* 17 Ariz. 472, 154 Pac. 206.

If plaintiffs felt that their complaint was good as against a general demurrer, they should have announced to the court that they would stand upon it, and have permitted judgment to be entered against them. The fact that they did not take advantage of the order allowing them to amend a second time cannot be construed as an election to stand upon their amended complaint; such a failure would rather lead to the inference that they had decided to prosecute their cause no further, in view of the fact that upon the sustaining of a demurrer to the complaint the usual practice is to inform the court that an amended pleading will not be filed, but that reliance will be had upon the one held insufficient. Judgment against a party making such an announcement follows as a matter of course, and an appeal therefrom brings up for review, if assigned as error, all intermediate orders and rulings of the superior court, and this would include the one sustaining the demurrer.

The appeal is dismissed.

ROSS and LOCKWOOD, JJ., concur.