[Civil No. 2597. Filed October 10, 1927.]

[259 Pac. 881.]

JOE CARDIFF and W. H. BURBAGE, Appellants, v. TOWN OF WINSLOW; A. E. GILLARD as Mayor and Member of Town Council of Winslow, Arizona; J. B. EDWARDS, ROY BRENNAN, C. D. ANDERSON, HORACE EVANS, E. H. BLACK and FRED DOUGLAS, as Members of Town Council of Town of Winslow, Arizona; CHARLES MURPHY, as Clerk of Town of Winslow, Arizona; C. W. HARP and RUBE NEIL as Town Marshals of Town of Winslow, Arizona, Appellees.

Mr. C. H. Jordan, for Appellants.

Mr. P. A. Sawyer, for Appellees.

ROSS, C. J.—On October 16, 1925, the Town of Winslow adopted an ordinance designating a certain part of the town in which it should be unlawful to keep or maintain any place for confining, keeping or feeding livestock, declaring such act, when committed within the defined district, a public nuisance and prescribing penalties for its violation.

When the ordinance was adopted W. H. Burbage owned in the restricted district a corral and Joe Cardiff was the lessee thereof, using it to keep his horses in, he being engaged in a transfer and coal business.

Burbage and Cardiff brought this suit against the Town of Winslow and the other named defendants, as officers thereof, to enjoin the enforcement of such ordinance. The defendants demurred to the complaint "for the reason and upon the ground that there is a defect of parties defendant," and also for insufficient facts to constitute a cause of action. The demurrer was sustained and the plaintiffs given ten days in which to amend their complaint.

The notice of appeal and the bond on appeal recite that the appeal is taken from an order sustaining the demurrer to the complaint. Such an order is not an appealable one, under the statute. Paragraph 1227, Civil Code 1913. This has been stated so often that we do not deem it necessary again to give reasons therefor. *Gonzales* v. *Duey & Overlock*, 15 Ariz. 331, 138 Pac. 1043; *Rice* v. *Hansen*, 27 Ariz. 529, 234 Pac. 563.

The order is that the appeal be dismissed.

LOCKWOOD and McALISTER, JJ., concur.