PEOPLE v. FINKELSTEIN (three cases). (Nos. 7134-7136.)

(Supreme Court, Appellate Division, First Department. April 23, 1915.)

1. CONSTITUTIONAL LAW ☞48—STATUTES—PRESUMPTION AS TO VALIDITY.
   Every intendment and presumption is in favor of the constitutionality of a statute.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 48; Dec. Dig. ☞48; Statutes, Cent. Dig. § 56.]

2. FOOD ☞1—COLD STORAGE—STATUTE—POLICE POWER.
   Public Health Law (Consol. Laws, c. 45) § 337, as added by Laws 1911, c. 335, and as amended by Laws 1914, c. 414, making it unlawful for a warehouseman or the person placing food in a warehouse to keep food in cold storage longer than 10 months, etc., is a valid exercise of the police power.
   [Ed. Note.—For other cases, see Food, Cent. Dig. §§ 1, 2; Dec. Dig. ☞1.]

3. FOOD ☞12—KEEPING FOOD IN COLD STORAGE—PERSONS LIABLE.
   Under Public Health Law, § 337, defendant, who procures salmon which has been in cold storage for at least 10 months and transfers it to another cold storage warehouse, violates the statute, though prosecution was started before the salmon had been in the second storage place for 10 months
   [Ed. Note.—For other cases, see Food, Dec. Dig. ☞12.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Court of Special Sessions, New York County.

Max Finkelstein was convicted of keeping food products in cold storage for a longer period than allowed by statute, and of violating rules adopted by the State Commissioner of Health, and he appeals. Affirmed as to violation of statute, and reversed, and information dismissed, as to violation of rules of State Commission of Health.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Samuel Widder, of Brooklvn, for appellant.

Joseph A. Warren, of New York City, for the People.

SCOTT, J.   The defendant appeals from three judgments of conviction in the Court of Special Sessions, two for the violation of chapter 49, Laws 1909, as amended by chapter 335, Laws 1911, and as further amended by chapter 414, Laws 1914, and one for the violation of rules 3 and 12 adopted by the state commissioner of health on September 6, 1913.   The statute referred to was designed to prevent the keeping of food products in cold storage for a longer period than the Legislature deemed to be safe or desirable.   The rules are designed to prevent the obliteration of marks upon packages of foodstuffs so stored.

It appears from the evidence that a firm known as Jed Freys & Co., on July 28, 1913, placed in a cold storage warehouse belonging to the Terminal Warehouse Company six casks of salmon.   On May 27, 1914, defendant caused four of these casks, and on May 28th two of the casks, to be transferred to the Cold Storage warehouse of the F. C. Linde Company, where they remained until September 22, 1914, when they were discovered by the inspector of the state board of health, whereupon this prosecution was set on foot.

The statute under which defendant was convicted is section 337 of the Public Health Law, and was added to that law by chapter 335, Laws 1911, and amended by chapter 414, Laws 1914, which went into effect on April 17, 1914, and as so amended, and as it was in force when defendant removed the salmon from the Terminal warehouse to that of F. C. Linde Company, the section read as follows:

"Sec. 337. Time that Cold Storage Foods may be Kept. It shall hereafter be unlawful for any person, corporation or corporations, engaged in the business of cold storage warehousemen or refrigerating, *or for any person placing food in cold storage warehouse,* to keep in storage for preservation or otherwise any kind of food or any article used for food a longer period than ten calendar months, excepting butter products which may be kept in said cold storage or refrigeration twelve calendar months."

The italicized words, "or for any person placing food in cold storage warehouse," constitute the amendment of 1914.   Prior to that amendment it was only the warehouseman who was affected by the section, and the purpose of the amendment of 1914 was to extend the inhibition of the statute to those placing foodstuffs in storage, as well as to the warehouseman who received and kept it.

The defendant raises two legal objections to his conviction: First, he says that the whole section is unconstitutional and void, whether applied to warehousemen or to those who place goods in cold storage;

and, secondly he says that, if the act be valid, still he should not be convicted under it, because he did not keep the goods in cold storage for ten months, and that said goods were not kept in cold storage by any one for ten months after April 17, 1914, the date on which the amendatory act of 1914 took effect.

[1, 2] As to the validity of the act, we think that there can be no doubt on constitutional grounds. Every intendment and presumption is in favor of its validity. People ex rel. Simon v. Bradley, 207 N. Y. 592, 101 N. E. 766. The statute is one adopted under the police power of the state, and is designed to protect the health of the community. Consequently, unless we can clearly see that the particular section under review has no probable relation to the general purpose for which the Public Health Law is designed, we may not hold that in adopting it the Legislature has exceeded its constitutional power. If it can have such relation, the subject becomes one for legislative, and not judicial, consideration. We certainly cannot say, as a matter of judicial cognizance, that indefinite cold storage of food products may not result in deterioration which will be detrimental to health. If it may so result, it is for the Legislature to determine for how long such cold storage may be presumed to be harmless. The section does not prohibit the cold storage of food products, and therefore does not tend to destroy either the traffic in foods or the business of refrigeration. It merely aims at regulation, and there is nothing before us from which we can say that the attempted regulation is unreasonable.

[3] The question whether or not the facts justified the defendant's conviction rests upon somewhat different considerations. It does not appear precisely when he acquired ownership and control of the salmon, but he must have done so at least as early as May 27, 1914, when he removed the first lot from the Terminal warehouse and placed it in the Linde warehouse. The salmon had then been in storage for the full ten months allowed by the statute, and we think that he is chargeable with knowledge of that fact, for he could easily have ascertained it if he had made inquiry. He is also chargeable with knowledge of the law limiting the allowable term of storage. He was certainly the person who "placed" the goods on storage in the Linde warehouse.

The obvious purpose of the act (section 337, Public Health Law, as amended) is to prevent the keeping of food products in cold storage for more than the prescribed period, and it evidences the judgment of the Legislature that to keep such products longer in such storage would tend to produce dangerous deterioration.

To so construe the act that such products may be received by successive warehousemen and kept for a period of ten months by each, or placed by the owner in several warehouses in succession and allowed to remain for ten months in each, would be to destroy the act through opening an easy way for its evasion. We may not so construe an act as to completely defeat its purpose, and so nullify it, if any other reasonable construction is possible. Section 336 of the Public Health Law, as amended in 1914, requires that all articles of food placed in cold storage, or the packages in which they are contained, shall be plainly marked with the date of receipt and with the date of removal,

and by the rules of the state board of health it is forbidden to obliterate any of such marks. A warehouseman to whom such goods are offered for storage, or a person who purchases such goods while in storage, has therefore ready means for ascertaining how long the goods offered for storage or for purchase have already lain in cold storage.

The true construction of the act is, as we think, and the only construction which will give it any efficacy, that such food products may not be kept in cold storage in the aggregate longer than the time prescribed by the statute, whether that time shall be spent in one or in more than one warehouse, or shall have been placed in storage by one or more than one owner, and that the warehouseman who keeps the goods in storage after the expiration of the prescribed period from the date of the first storage, and the person who shall have placed the goods in storage after the limit has been exhausted, or having placed them in storage, before the expiration of such time limit shall keep them beyond it, is guilty of a violation of the statute. Such a construction will serve to carry out the obvious purpose of the act, and will work no hardship on any warehouseman or purchaser, for, as already pointed out, means are provided by which each warehouseman or person to whom the goods are offered for storage or purchase is afforded means of ascertaining how long the goods have already been in storage, and how long they may be lawfully kept therein. Thus in the present case the defendant was chargeable with actual or imputed knowledge that the goods had been in the Terminal warehouse for the full term permitted by law, and by placing them in another warehouse, and keeping them there for some months, he was guilty of a violation of the statute, instead of a successful evasion of it.

We think that no error was committed in admitting in evidence the written reports of the inspectors. They are expressly permitted by statute to be used as presumptive evidence (section 21b, Public Health Law; chapter 559, Laws 1913). The inspectors themselves were produced as witnesses, and defendant was afforded every opportunity to question the accuracy of the reports, or to controvert the statements contained therein. Howard v. Moot, 64 N. Y. 262–265.

As to the conviction for violating rules 3 and 12 of the state commissioner of health in erasing or causing to be erased certain marks on the packages of salmon, we are of opinion that, while the circumstances might create a strong suspicion of defendant's guilt, because he had control of the goods and was the person to be benefited by the erasure, yet there was not sufficient legal evidence to warrant his conviction for a crime in this regard.

The result is that the two convictions for violation of the statute are affirmed, the judgment of conviction for violation of the rule of the state commissioner of health is reversed, and the information dismissed. Settle order on notice. All concur.