PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. BUFFALO COLD STORAGE COMPANY, Defendant.

(Supreme Court, Erie Special Term, November, 1920.)

Penalties — action to recover for violation of the Public Health Law — statutes — constitutional law — evidence — Farms and Markets Law (Laws of 1917, chap. 802, § 53) — Public Health Law, § 337 — State Constitution, art. III, § 17.

The Farms and Markets Law (Laws of 1917, chap. 802, constituting chapter 69 of the Consolidated Laws) creates a department of farms and markets and dispenses with the department

of agriculture, the department of foods and markets, the state sealer of weights and measures and a portion of the department of health, and section 100 of said statute, in effect, repeals all inconsistent portions of the Agricultural, General Business and Public Health Laws. (Pp. 483, 484.)

The use of the word "herein" in section 58 of the Farms and Markets Law, which declares that "every person violating any of the provisions of this chapter, or of any other law, the enforcement of which is within the jurisdiction of the department shall, except where other penalties are herein prescribed, be subject to a penalty," etc., refers to that statute, and acts as a repeal of all the civil penalties in the Agricultural Law, and those portions of the General Business and Public Health Laws affected thereby, and substitutes in their place the penalty provided in said section 58. (P. 484.)

The creation of a new penalty in the Farms and Markets Law for a violation of the Public Health Law does not make the existing law or any part thereof a part of the new statute, but is in the nature of an amendment. (Id.)

The entire scheme of the Farms and Markets Law, as expressed particularly in sections 20 and 100, being to create a new method of procedure for violations of existing laws, said statute is not in conflict with section 17 of article III of the constitution of the state, which declares that "No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act." (P. 487.)

Section 58 of the Farms and Markets Law is not in conflict with said constitutional provision, as taking the intended meaning of the word "applicable" in said constitutional provision to mean "to bring into actual contact with," then by the addition of a penalty, the new law is made applicable to the old law but the old law is not made applicable to the new. (Pp. 485, 486.)

The statute (Public Health Law, § 337) which arbitrarily fixes a period of twelve months as the maximum time for food to be kept in cold storage, is constitutional, and whether the food is wholesome or not at the expiration of the twelve months does not determine the constitutional question. (Pp. 488–491.)

The complaint in an action to recover penalties for three separate violations of section 337 of the Public Health Law

alleged that defendant retained in its storage warehouse certain butter and smoked bloaters for a longer period than twelve calendar months. *Held,* that evidence that the fish mentioned in the second cause of action were received by defendant after the enactment of the Farms and Markets Law, which is not retroactive, disposed of a claim that said cause of action was not valid, and it appearing that the fish were kept by defendant for nearly two years, plaintiff was entitled to judgment for $100. (P. 491.)

The violations set forth in the first and third causes of action not being aggravated, plaintiff is awarded judgment for fifty dollars for each violation. (Id.)

ACTION to recover penalties for violation of section 337 of the Public Health Law.

Lafay C. Wilkie, for plaintiff.

Carlton E. Ladd, for defendant.

HINKLEY, J. This action was tried at a regular trial term without a jury.

Action is brought to recover three penalties in the sum of $100 each upon the claim that defendant was guilty of three violations of section 337 of the Public Health Law in retaining in its storage warehouse certain butter and smoked bloaters for a longer period than twelve calendar months.

By chapter 335 of the Laws of 1911 the following section was added to the Public Health Law and by chapter 414 of the Laws of 1914 and chapter 433 of the Laws of 1918 was amended so as to read:

" § 337. *Time that cold storage foods may be kept.* It shall hereafter be unlawful for any person, corporation or corporations, engaged in the business of cold storage warehousemen or refrigerating, or for any person placing food in a cold storage warehouse, to keep in storage for preservation or otherwise any

31

kind of food or any article used for food a longer period than twelve calendar months.''

The following language occurs in the complaint: '' Pursuant to the provisions of *Sections 58* and 100 of Chapter 802 of the Laws of 1917 of the State of New York, known as the *Farms and Markets Law,* being Chapter 69 of the Consolidated Laws, whereby an action accrued in favor of the plaintiff and against the said defendant for the sum of *one hundred dollars ($100).''*

Said section 58, chapter 69, of the Consolidated Laws, known as the Farms and Markets Law, was added to the Consolidated Laws by chapter 802 of the Laws of 1917, and provides as follows:

*'' Penalties for violation of chapter or other laws.* Every person violating any of the provisions of this chapter, or of any other law the enforcement of which is within the jurisdiction of the department shall, except where other penalties are herein prescribed, be subject to a penalty, to be recovered as provided herein, in the sum of not less than twenty-five dollars nor more than one hundred dollars for the first violation, nor more than two hundred dollars for the second and each subsequent violation.''

It is claimed that the passage of said section 58 of the Farms and Markets Law is unconstitutional in that it conflicts with section 17, article 3, of the New York State Constitution. This section of the Constitution provides as follows:

*'' Existing law made applicable to be inserted.—* Section 17. No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act.''.

It is a singular fact that no decision of this state has

been called to the attention of this court, which has ever held any statute in conflict with that section. The entire precedent law is based upon decisions holding numerous statutes constitutional as regards that section.

The legislature, in passing the Farms and Markets Law, has created a confused condition of the original general laws relating thereto which could have been easily avoided. In the enactment of new general laws the legislature could readily express its intention to repeal and not leave to the courts the determination of what sections of the former general laws are inconsistent with the new. It is to be regretted that the legislature thus overlooks one of the original purposes of consolidating the general law in order that it may be simplified. The Court of Appeals expressed this regret in *People ex rel. New York Electric Lines Co. v. Squires,* 107 N. Y. 593, 601, but held that faulty or perhaps intricate and awkward laws which involve labor and trouble were not objectionable to this provision of the Constitution.

In the study of the Farms and Markets Law it must be constantly borne in mind that it creates a department of farms and markets and dispenses with the department of agriculture, the department of foods and markets, the state sealer of weights and measures and a portion of the department of health. This is shown by section 100 of the Farms and Markets Law, a part of which provides as follows: " The provisions of article sixteen-a of the public health law and the acts amendatory thereof relative to cold storage, and the provisions of sections forty, forty-one, forty-two, forty-three, forty-six, forty-seven, forty-eight, forty-nine, and fifty of the public health law and the acts amendatory thereof, are continued in full force and effect, except as in conflict or inconsistent with this

chapter, and such provisions shall be enforced and carried into effect by the department of farms and markets, through the council and the appropriate divisions of such department, under and pursuant to the provisions of this chapter.''

This section in effect repeals all inconsistent portions of the Agricultural, General Business and Public Health Laws. Section 58, by the use of the word '' herein '' in the phrase '' Every person violating any of the provisions of this chapter, or of any other law the enforcement of which is within the jurisdiction of the department shall, except where other penalties are herein prescribed, be subject to a penalty,'' etc., refers unquestionably to the Farms and Markets Law alone. This acts as a repeal of all the civil penalties in the Agricultural Law and those portions of the General Business and Public Health Laws affected by the Farms and Markets Law and substitutes in their place a penalty provided in said section 58 of the Farms and Markets Law.

There is some force to the argument that because the Farms and Markets Law does not specifically repeal the penalties in the existing laws and yet in effect does repeal so many penalties, the word '' herein '' in section 58 of the Farms and Markets Law was intended to be '' therein.'' Yet there is nothing ambiguous in the word '' herein '' as '' here '' and '' there '' are two different places, and the court cannot substitute an entirely different meaning where no ambiguity exists.

The creation of a new penalty in the Farms and Markets Law for the violation of a section of the Public Health Law does not make the existing law or any part thereof a part of the new act but is in the nature of an amendment. As was said in *People ex rel. New York Electric Lines Co.* v. *Squire,* 107 N. Y. 593,

602: " It is obvious that it (Section 17, article 3, of the New York State Constitution) does not apply to an act purporting to amend existing laws, for in such a case no intelligent legislation could be had at all without a knowledge of the law intended to be amended. It must be presumed that the legislature is informed of the condition of the law which it is called upon to amend."

In *Wells* v. *City of Buffalo,* 14 Hun, 438, 440, the court said: " The convention never could have intended that in an act amending a prior one, the whole of the latter should be copied into it. This provision of the Constitution (Section 17, article 3) will render it almost, if not altogether, an impossibility to frame a law, in which another is referred to, and escape the Constitution and prohibition, unless the former law is copied into it *verbatim et literatim.* If it is to receive such a construction, the Session Laws, already of alarming proportions, will become vastly larger, much more expensive, and, if possible, more difficult to interpret and understand."

The question then arises whether or not the creation in the Farms and Markets Law (the new law), of a penalty for violation of the Public Health Law (the existing law) enacts that the existing law, or any part thereof, shall be applicable to the new law.

Nowhere in the decisions has there ever been an attempt to define the word " applicable " as found in that section. This word is capable of two meanings, the choice of which is absolutely vital to the question under discussion. If the word " applicable " means, as it is sometimes defined, " relevant," then section 58 of the Farms and Markets Law is in violation of section 17, article 3, of the Constitution. For by adding a new penalty in the Farms and Markets Law to the Public Health and other former laws, the exist-

ing laws are certainly made relevant to the new law. But if we take the other and more common understanding of the word " applicable " to mean " to bring into actual contact with," then by the addition of a penalty the new law is made applicable to the old law but the old law is not made applicable to the new. A study of the remainder of the section of the Constitution referred to shows the latter to be the intended meaning of the word. The section provides that no existing law shall be made a part of or be applicable to the new act except by inserting it in such act. Clearly there is no object in including the existing law in the new act simply because you are applying the new to the old, for that is purely in the nature of an amendment and not in contravention of the Constitution. Construing the entire section in the light of the fact that there is no objection to making a new law part of an old law, so there is no objection to making a new law applicable to an old one, and to put in every new law such old law or part thereof every time a new law was made applicable to an old one would confuse rather than simplify the session laws.

As said in *People ex rel. Commissioners* v. *Banks,* 67 N. Y. 568, 575: " The evil in view in adopting this provision of the Constitution (Article III, Section 17), was the incorporating into acts of the legislature by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which affecting public or private interests in a manner and to an extent not disclosed upon the face of the act, a bill might become a law, which would not receive the sanction of the legislature if fully understood."

As said in *People ex rel. New York Electric Lines Co.* v. *Squire,* 107 N. Y. 593, 602: " The object and intent of the constitutional provision was to prevent statute laws relating to one subject from being made applicable

to laws passed upon another subject through ignorance and misapprehension on the part of the legislature, and to require that all acts should contain within themselves such information as should be necessary to enable it to act upon them intelligently and discreetly.''

In repealing penalties in the existing laws and creating a new penalty for such old laws it cannot be claimed that the legislature did not have in mind such existing laws, nor that they acted through ignorance or misapprehension. On the contrary, the entire scheme of the Farms and Markets Law as expressed particularly in sections 20 and 100 was to create a new method of procedure for violations of existing laws, which is not in conflict with the section 17 of article III of the Constitution. *Matter of Buffalo Traction Co.,* 25 App. Div. 447, 453, quoting *People ex rel. Commissioners* v. *Banks,* 67 N. Y. 568, 575. It follows that section 58 of the Farms and Markets Law is not in conflict with section 17, article III, of the New York State Constitution.

Counsel for defendant claims that the legislature has no right to arbitrarily fix a limit when articles shall no longer be kept in cold storage; that products differ in length of time when deterioration commences; that food products are just as good one minute after twelve months as at the end of twelve months; that cold storage destroys bacteria; and that the proper test of how long food products should remain in cold storage should be the actual tested condition of each stored product itself at all times.

On the contrary, all matter changes and the testimony of the experts in this case when analyzed shows that all foodstuffs deteriorate in cold storage and thus at some time they become unfit for human consumption, although experts differ as to that time. It is also

shown that certain food products will, when placed upon the market, deteriorate faster after cold storage refrigeration than fresh products. This court is asked to hold that the limitation of twelve months is too brief and that an arbitrary limit cannot be so placed by the legislature. On the contrary, it would seem that to permit cold storage warehousemen to carry food products over every season of an entire calendar year meets every requirement of food conservation and that the legislature, in the exercise of the police power of the state, should be permitted to say when in the interest of public health cold storage should be restricted.

The case of *People* v. *Finkelstein*, 167 App. Div. 591, is decisive of the case at bar and disposes of the other constitutional objections to section 337 of the Public Health Law, for in that case the court held that section 337 of the Public Health Law was constitutional. In its opinion it said: " The statute is *one adopted under the police power of the State and is designed to* protect the health of the community. Consequently, unless we can clearly see that the particular section under review has no probable relation to the general purpose for which the Public Health Law is designed, we may not hold that in adopting it the Legislature has exceeded its constitutional power. If it can have such relation the subject becomes one for legislative and not judicial consideration. We certainly cannot say as a matter of judicial cognizance that indefinite cold storage of food products may not result in deterioration which will be detrimental to health. If it may so result it is for the Legislature to determine for how long such cold storage may be presumed to be harmless. The section does not prohibit the cold storage of food products, and, therefore, does not tend to destroy either the traffic in foods or the business of

refrigeration. It merely aims at regulation, and there is nothing before us from which we can say that the attempted regulation is unreasonable.''

The claim of defendant's counsel that this section violates the Constitution of the United States is based upon his fiction that it is necessary for the cold storage warehousemen to destroy food at the end of twelve months. The law does not require that the foods be destroyed but that their time of storage shall cease at that time.

It is defendant's contention that in the case cited the court had no testimony before it showing that the law was unreasonable and that in the case at bar the testimony showed that the law is unreasonable. We cannot determine a constitutional question by the testimony of experts upon the character of the product held in storage.

The case of *People* v. *Cipperly,* 101 N. Y. 634, was affirmed on the dissenting opinion of Mr. Justice Learned in 37 Hun, 319, at page 324. This opinion states: '' But the defendant takes the broader ground that the legislature cannot, under the constitution, prohibit the sale of milk drawn from healthy cows, which, in its natural state, falls below the standard fixed by the act, unless such milk, or the articles made from it, are *in fact* unwholesome or dangerous to public health. How is that question of fact to be determined? The court cannot take judicial notice whether milk below the standard is or is not unwholesome or dangerous to public health. Is that to be a question for the jury? If so, the court must charge a jury, in each case, that if they find milk below that standard to be unwholesome, then the statute is constitutional; if they find it to be wholesome then the statute is unconstitutional. Evidently a constitutional question cannot be settled, or rather unsettled, in that way. The constitutionality

would vary with the varying judgments of juries. Either then the legislature can, under the constitution, forbid the sale of milk below a certain standard, whether such milk be in fact wholesome or not; or else they cannot do this, whether that milk be in fact wholesome or not. If they may fix a standard, they must judge whether or not milk below that standard is wholesome. The courts cannot review that judgment.''

The statute is not discriminatory in that it applies to every person and every corporation engaged in the business of cold storage warehousemen or refrigerating and any person placing food in a cold storage warehouse. This is a proper regulation of the cold storage business, and, as said in *People* v. *Finkelstein,* is designed to protect the health of the community. That it should go farther and prohibit the keeping of food products in every place may be a just criticism of the law but such improvement is a matter for legislative and not judicial reform.

Counsel for defendant also contends that one who obeys section 337 is liable to the owner for conversion under sections 96 and 97 of the General Business Law. The prohibition against keeping the food longer than twelve months applies also to the person placing it in the warehouse. It would be difficult to see how under the circumstances such a conviction for conversion could be obtained. But the court is informed that a bill has become a law at the recent session of the legislature correcting the last two criticisms of defendant's counsel.

The holding of this court is that the legislature, in the exercise of the police power of the state, had the right to arbitrarily fix a period of twelve months as the maximum time for food to be kept in cold storage. It is also held that the wholesomeness or unwholesome-

ness of the articles at the end of said twelve months does not determine the constitutionality of such legislation. In view of such a ruling the stipulation of facts by defendant's counsel establishes the liability of the defendant upon the three causes of action.

By the testimony of defendant's witness George D. Liles, treasurer and office manager of the defendant, it appears that the fish mentioned in the second cause of action of plaintiff's complaint were received June 14, 1917. This was after the enactment of the law (June 9, 1917) so that that testimony disposes of defendant's supposed claim that the cause of action was not valid by reason of the fact that the law is not retroactive.

In view of the fact that the violations set forth in the first and third causes of action were not aggravated, the penalty imposed shall be fifty dollars for each violation. In view of the testimony of defendant's witness that the fish was received June 14, 1917, and kept until the spring or summer of 1919, nearly two years, the penalty for that violation shall be $100, making $200 in all.

Judgment accordingly.