[Civil No. 3450. Filed October 8, 1934.]

[36 Pac. (2d) 548.]

WAYNE THORNBURG, Appellant, v. BARBARA BIXBY FRYE, Appellee.

Mr. C. H. Young, for Appellant.

Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Appellee.

LOCKWOOD, J.—This is an appeal by Wayne Thornburg, hereinafter called defendant, from a judgment in favor of Barbara Bixby Frye, hereinafter called plaintiff, on account of alleged personal injuries received by plaintiff through the negligence of defendant. The assignments of error read as follows:

"1. The Court erred in the rejection of evidence offered by the defendant; and

"2. The Court erred in overruling defendant's motion for a directed verdict at the conclusion of plaintiff's case; and

"3. In overruling defendant's motion for a directed verdict at the conclusion of defendant's case.

"4. That the verdict is contrary to the evidence and the law.

"5. That the judgment is contrary to the evidence and the law.

"6. That the Court erred in overruling defendant's motion for a new trial.

"7. That the Court erred in instructing the jury."

Rule XII of this court is in the following language:

## "Rule XII.

### "Assignment of Error.

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. If the particular ruling complained of has been embodied in a motion for new trial, with other rulings, or in any motion, or in a bill of exceptions, or in a statement of facts, or otherwise in the record, it must nevertheless be referred to in the assignment of errors, or it will be deemed to be waived.

"2. If the assignment of error be that the court overruled a motion for new trial and the motion is based on more than one ground the same will not be considered as distinct and specific by this Court unless each ground is specially and distinctly stated in the assignment of errors.

"3. Any objection to the ruling or action of the court below will be deemed waived in this Court unless it has been assigned as error in the manner above provided.

"4. If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state specifically wherein the instruction complained of is erroneous in its statement of the law applicable to the case, or to any particular fact or facts therein.

"5. If the refusal to give an instruction asked for by appellant in the court below be assigned as error, the assignment must state the applicability of such instruction to the fact or facts of the case."

And our rules for years have been substantially the same.

It is evident on testing the assignments of error by this rule that, with one possible exception, they wholly fail even approximately to comply therewith. We have reiterated the necessity of a compliance with this rule again and again. *Federico* v. *Hancock,* 1 Ariz. 511, 25 Pac. 650; *Daggs* v. *Phoenix Nat. Bank,* 5 Ariz. 409, 53 Pac. 201; *Daniel* v. *Gallagher,* 11 Ariz.

151, 89 Pac. 412; *Sanford* v. *Ainsa,* 13 Ariz. 287, 114 Pac. 560, affirmed 228 U. S. 705, 33 Sup. Ct. 704, 57 L. Ed. 1033; *Liberty M. & S. Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332; *Hardiker* v. *Rice,* 11 Ariz. 401, 94 Pac. 1094; *Williams* v. *Williams,* 37 Ariz. 176, 291 Pac. 993; *Reid* v. *Van Winkle,* 31 Ariz. 267, 252 Pac. 189. Nor can argument in appellant's brief take the place of proper assignments. *Wootan* v. *Roten,* 19 Ariz. 235, 168 Pac. 640; *Pinal County* v. *Heiner,* 24 Ariz. 346, 209 Pac. 714; *Reid* v. *Van Winkle, supra.*

The only assignments that by the utmost liberality can be considered as coming within the rule are Nos. 4 and 5. These may perhaps be taken as an attempt to urge that the evidence does not sustain the verdict and judgment, and we will consider them as such. But in so doing we can only examine the transcript of evidence to ascertain if there is sufficient evidence therein, which, if believed by the jury, would sustain the verdict. *Central Copper Co.* v. *Klefisch,* 34 Ariz. 230, 270 Pac. 629.

On a careful reading of the transcript, we are of the opinion there is ample evidence for that purpose.

The judgment is therefore affirmed.

ROSS, C. J., and McALISTER, J., concur.