[Civil No. 3603. Filed December 23, 1935.]

[52 Pac. (2d) 1181.]

AMERICAN COARSE GOLD CORPORATION, a Corporation, Appellant, v. LAWRENCE YOUNG, Appellee.

Mr. J. Fred Hoover, for Appellant.

Mr. A. J. Eddy and Mr. Bernard T. Caine, for Appellee.

LOCKWOOD, C. J.— This is an appeal from a judgment in favor of Lawrence Young, hereinafter called plaintiff, against American Coarse Gold Cor-

poration, a corporation, hereinafter called defendant, for the sum of $983.64, and for the foreclosure of a mechanic's lien on certain property owned by defendant, in satisfaction of the judgment debt aforesaid. The assignments of error are as follows:

"1. That the proceedings were irregular;
"2. Accident and surprise which could not have been prevented by ordinary prudence;
"3. Errors in admission and rejection of evidence;
"4. That the decision is contrary to the law;
"5. That the decision is contrary to the evidence;
"6. That the motion for a new trial should have been granted."

These assignments are insufficient to raise any question for our consideration except that the decision is contrary to the evidence. *Williams* v. *Williams,* 37 Ariz. 176, 291 Pac. 993; *Thornburg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548. We therefore confine our opinion to the one assignment.

Upon an examination of the transcript, it appears there is ample evidence to support the judgment for debt as against defendant. When, however, it comes to the foreclosure of the mechanic's lien, the situation is very different. The requisites for a mechanic's lien of the nature which plaintiff seeks to enforce in this action are found in section 2021, Revised Code 1928, which reads as follows:

"*Perfecting Lien; Notice and Claim.* In order to fix and secure the lien herein provided for, every original contractor, within ninety days, and every other person claiming the benefits of this article, within sixty days, after the completion of a building, structure or improvement or any alteration or repair thereof, must make duplicate copies of a notice and claim of lien and file one copy thereof with the county recorder of the county in which the property, or some part thereof, is situated, and within a reasonable time thereafter, serve upon the owner of said build-

ing, structure or improvement, if to be found within the county, the remaining copy. Such notice and claim of lien shall be made under oath by the claimant or some one with knowledge of the facts, and shall contain, a description of the lands and improvements to be charged with the lien, sufficient for identification; the name of the owner or reputed owner of the property concerned, if known, and the name of the person by whom the lienor was employed or to whom he furnished materials; a statement of the terms, time given and conditions of his contract, if the same be oral, or a copy of the contract, if written, and a statement of the lienor's demand, after deducting all just credits and offsets.''

■■ It is, of course, necessary for the plaintiff to allege his compliance with the essential requirements of the statute and, if such compliance is denied, to prove it upon the trial by competent evidence. Among these essentials are the filing of the notice with the county recorder and the service of a ''duplicate'' copy of such notice upon the owner, if found within the county. Section 2021, *supra; Steinfeld & Co.* v. *Allison Min. Co.*, 41 Ariz. 340, 18 Pac. (2d) 267. It will be noted that the statute does not refer to an ordinary copy of the original notice but requires that such original be made in duplicate and one of such duplicates be filed with the county recorder and the other served upon the owner. The word ''duplicate'' is defined as ''an original instrument repeated; a document the same as another in essential particulars, differing from a copy in being valid as an original.'' Webster's International Dictionary. We must assume that the legislature in thus carefully defining the instrument to be served upon the owner as a ''duplicate,'' and not merely a copy, meant what it said. The only evidence we find in the record bearing upon the filing and service of the notice of claim of lien is the testimony of plaintiff that

he employed counsel to prepare such an instrument and paid him therefor, and a certain document admitted in evidence and marked as Plaintiff's Exhibit "A." This document was admitted over the objection of defendant, and, after the case was closed, it moved for judgment, claiming, among other things, that it had never been proved that the mechanic's lien was filed or recorded or that it had been served upon the defendant as required by law. Does the document, Exhibit "A," show upon its face that these essentials were complied with? We have examined both the abstract of record and the instrument itself as it appears in the record sent us from the superior court. The abstract presents nothing which would indicate that Exhibit "A" had ever been filed, recorded or served. The original instrument, however, which was sent up as part of the record of the case was, properly certified by the county recorder as having been filed within the statutory time. This, we think, is sufficient proof of the filing and recording of the instrument, but there is nothing thereon to show that the "duplicate" copy required by the statute to be served upon the owner had ever been so served, or that there was a legal excuse for a failure to so serve. It is true that the original complaint on file does have attached to it an instrument which is apparently a duplicate of the one filed with the county recorder, but there is nothing to show that the copy of the complaint, which presumably was served upon defendant, had attached to it at the most more than an ordinary copy instead of the "duplicate" required by law. We are of the opinion that there can be no legal inference from the record that a "duplicate" of the notice of claim of lien filed with the county recorder was ever served upon defendant, or that there was any excuse for its not being served. Such

being the case, the foreclosure of the lien was not justified.

The judgment is reversed and the case remanded for a new trial in accordance with the opinions expressed herein.

McALISTER and ROSS, JJ., concur.