[Civil No. 3775.   Filed December 14, 1936.]

[63 Pac. (2d) 203.]

BENJAMIN R. FERRELL, Appellant, v. MUTUAL BENEFIT, HEALTH AND ACCIDENT ASSOCIATION, a Corporation, Appellee.

Mr. Erwin H. Karz and Mr. Charlie W. Clark, for Appellant.

Mr. G. W. Shute, for Appellee.

ROSS, J.—This is the second time this case has reached this court. It is an action by plaintiff Ferrell to recover health benefits upon an insurance policy. The first trial resulted in a judgment for plaintiff, and from such judgment there was an appeal taken. Our opinion, reversing the judgment and remanding the case for a new trial, was rendered December 4, 1933, and may be found at 42 Ariz. 477, 27 Pac. (2d) 519. The mandate was issued January 23,

1934. The plaintiff took no action and made no request to have the case set down for new trial, but on December 14, 1934, the defendant filed its motion for judgment on the pleadings for the reason the complaint failed to state a cause of action. This motion was passed from time to time until on January 3, 1936, when it was granted. From the order granting such motion, the plaintiff has appealed.

It is not the province or duty of this court to search the record for error. We have adopted certain rules to guide parties in perfecting their appeals and in presenting the reasons therefor. These rules require that an appellant shall among other things point out to the court, definitely and clearly by assignment, the errors of which he complains. An examination of appellant's brief in this case fails to disclose by assignment what error, if any, was committed by the trial court. His effort in that regard is entirely inadequate. The following are his so-called assignments:

"Assignment No. 1. The Court erred in granting defendant's motion for judgment on the pleadings.

"Assignment No. 2. The Court erred in denying plaintiff's motion to vacate and set aside the order for judgment on the pleadings.

"Assignment No. 3. The Court erred in making the following order: 'Upon the presentation of formal written judgment in the proper form, judgment is ordered in conformity therewith.' "

We have repeatedly decided that assignments like these do not conform with our rules. One of the more recent cases so deciding, and in that case we collate the earlier decisions, is *Thornburg* v. *Frye*, 44 Ariz. 282, 36 Pac. (2d) 548.

For the reason that the so-called assignments do not specify the grounds of error relied upon or the particular ruling complained of, we decline to go fur-

ther and ourselves search the record for possible error.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.