[Civil No. 3771.   Filed February 1, 1937.]

[64 Pac. (2d) 818.]

FLORENCE B. BENDER, Appellant, v. EDMUND BENDER, Appellee.

Mr. H. K. Mangum and Mr. H. C. McQuatters, for Appellant.

Mr. W. E. Ferguson, for Appellee.

LOCKWOOD, J.—■ ■ This is an appeal from an order of the superior court of Coconino county denying a motion of the appellant (defendant in the lower court) to set aside and vacate the judgment and decree of divorce heretofore rendered, and praying for a new trial.

Rule VII of this court reads, in part, as follows:

"2. The appellant's opening brief shall contain, in the order herein indicated: . . .
"(d) The assignments of error relied upon."

Rule XII reads, in part, as follows:

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. If the particular ruling complained of has been embodied in a motion for new trial, with other rulings, or in any motion, or in a bill of exceptions, or in a statement of facts, or otherwise in the record, it must nevertheless be referred to in the assignment of errors, or it will be deemed to be waived."
"3. Any objection to the ruling or action of the court below will be deemed waived in this court unless it has been assigned as error in the manner above provided."

We have examined defendant's brief carefully, and nowhere therein do we find any assignments of error whatever. The nearest approach thereto is contained in the following language:

"Brief of the Law.
"First: Did the Superior Court of Coconino County have jurisdiction to hear and determine Appellant's Motion to Vacate Decree of Divorce?
"Second: Was the judgment rendered March 15, 1934, a void judgment?"

That this is insufficient, under the rules, as an assignment of error cannot be doubted, nor that the lack of assignments requires an affirmance of the order

of the trial court. *Thornburg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548.

The order appealed from is affirmed.

McALISTER, C. J., and ROSS, J., concur.