[Civil No. 3834. Filed October 11, 1937.]

[72 Pac. (2d) 423.]

ERNEST J. WOOD and DELLA WOOD, His Wife, Appellants, v. SAM FORD and MAE E. FORD, Husband and Wife, Appellees.

Mr. Edward Everett Ingels, for Appellants.

Mr. George F. Macdonald, for Appellees.

ROSS, J.—This is an appeal from a decree canceling a deed to real estate and awarding damages to the plaintiffs. The plaintiffs, Sam Ford and Mae E. Ford, husband and wife, were the owners of lot 23, block 2, Willibi subdivision, Phoenix, and the defendants, Ernest J. Wood and Della Wood, husband and wife, were the owners of the south half of the northeast quarter of section 18, township 8 north, range 11 west, M. D. M., county of Sonoma, state of California, and on October 4, 1934, these parties agreed to exchange such properties, and later, on November 13, 1934, consummated such agreement by exchanging deeds.

On May 18, 1935, the plaintiffs brought this action for a rescission and for damages, alleging, in substance, that defendants had knowingly misrepresented the California land and improvements thereon; that the representations were false and fraudulent and made with the intention to deceive and defraud plaintiffs; that plaintiffs believed the representations to be true and, relying thereon, without going to California to inspect the land, made the exchange. Plaintiffs in their complaint tendered to the defendants a deed reconveying the California property to them.

E. E. Ingels was made a party defendant on the ground that he assisted defendants in making the exchange of properties, but the court dismissed him from the action for insufficiency of evidence.

The defendants demurred to the complaint, specially on the ground of defective parties defendant and generally on the ground of insufficient facts to constitute a cause of action. Their answer proper consists of admissions and denials.

The case was tried to a jury to which was submitted a number of special interrogatories. The jury's answers to the interrogatories were all in favor of plaintiffs. The court adopted the findings of the jury and made other findings and entered judgment thereon canceling plaintiffs' deed to defendants and directing defendants to execute and tender to plaintiffs a deed of reconveyance of said lot 23; also awarded damages, in accordance with the jury's verdict, as follows: Compensatory in the sum of $225 and punitive in the sum of $225.

The defendants have appealed and assigned twenty-two alleged errors of the court as reasons why the judgment should be reversed. It would serve no purpose to set forth such reasons in full but would needlessly lengthen this opinion and encumber the reports. We give samples to illustrate how completely they ignore the rules of this court as also the many decisions of the court holding such assignments wholly insufficient:

"II. The Superior Court erred in admitting certain evidence at the trial."

"IV. The Superior Court erred in refusing to give appellants' requested written instruction No. 1 (AR—31/6—12)."

"VIII. The Superior Court erred in submitting to the jury its special interrogatory No. 4 (AR—49/1—17)."

"XX. The Superior Court erred in denying the seven motions made in writing and filed with the Court by appellants, that judgment be rendered and entered in favor of appellants and against appellees (AR—65—1 to 72—14)."

The other assignments were no better.

That these assignments do not comply with the rules, and that similar assignments have been many, many times condemned by the court, it seems counsel should know. We cite a few of such cases. *Thorn-*

*burg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548; *Ferrell* v. *Mutual Benefit Health & Acc. Assn.,* 48 Ariz. 521, 63 Pac. (2d) 203; *Bender* v. *Bender,* 49 Ariz. 72, 64 Pac. (2d) 818.

Appellants' assignment No. 1 is: "The Superior Court erred in overruling defendants' demurrer." The defect of parties defendant, if there was such defect, was removed when Ingels was dismissed from the case. The other point of the demurrer is that the complaint is insufficient because it fails to allege that plaintiffs had the right to rely on the representations as true. In *Moore* v. *Meyers,* 31 Ariz. 347, 253 Pac. 626, we gave the essential elements, as stated in 26 Corpus Juris, 1062, of actionable fraud, and one of such elements is that the party charging fraud by misrepresentation must show that he had a right to rely on such representation as true. We did not say that this element, or any other element, should be directly and affirmatively alleged. But, of course, it must appear from the facts alleged as also from the proof that the one charging fraudulent misrepresentation not only relied upon such representation but had a right to. We restated the essential elements for actionable fraud in *Packard Phoenix Motor Co.* v. *Mc-Ruer,* 41 Ariz. 450, 19 Pac. (2d) 332, 334, and held a cross-complaint for damages for fraudulent misrepresentation bad because it failed to allege "directly or impliedly, that the plaintiff had any knowledge or reason to know that the representations upon which alone this action can be based were false or made recklessly."

We said of a pleading in that case:

"On examining the cross-complaint we are of the opinion that many of the essential allegations of an action for fraudulent misrepresentation have been omitted."

But we did not hold, as appellants contend, that direct affirmative allegations of all the essentials was necessary. As to whether a complaining party had a right to rely on the representations as true or not cannot be determined by an affirmative allegation to that effect, but it must be determined from facts alleged.

We have carefully read the complaint in this action, and it contains all of the necessary allegations to constitute actionable fraud, according to the rule as laid down in the above cases.

The appellants present no question for us to decide, except the assignment directed at the order overruling the demurrer.

For the reasons herein given, the judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.