[Civil No. 3930. Filed March 28, 1938.]

[77 Pac. (2d) 813.]

FRED "PAT" PATTERSON, and LUCY PATTERSON, His Wife, Appellants, v. CHARLES H. CONNOLLY, Appellee.

Mr. Wm. J. Fellows, for Appellants.

Mr. Chas. Rogers, for Appellee.

LOCKWOOD, J.—This is an appeal by Fred Patterson and Lucy Patterson, his wife, hereinafter called defendants, from a judgment in favor of Charles H. Connolly, hereinafter called plaintiff.

There are three assignments of error, which read as follows:

"(1) That the court erred in not sustaining the demurrer of the defendants to plaintiff's complaint.

"(2) That the court erred in finding for the plaintiff in view of the law and the evidence.

"(3) That the court erred in failing to set aside the judgment and render judgment for the defendants in view of proof of excusable neglect."

The second is clearly insufficient under our repeated decisions. *Thornburg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548. We consider, therefore, the first and third.

The amended complaint on which the case was tried alleges, in substance, as follows: Defendants on the 15th day of July, 1933, leased the premises which are the subject matter of the action from Dan Angle, who was then the owner thereof, for a period of five years. The defendants agreed to pay as rent for the property $500, $100 to be paid on July 15, 1934, and a like amount each and every year thereafter until the whole amount was paid. On March 17, 1936, plaintiff purchased the premises in question from Angle. No part of the rent due was ever paid, except the sum of $34. During the period they were in possession of the prop-

erty, defendants permitted damage and destruction thereof amounting to the sum of $500. Written notice to surrender possession, on the ground of failure to pay rent and willful destruction of the premises, was served upon defendants July 25, 1936, and, the latter refusing to surrender, on July 28th this suit was brought. The only reason given by defendants in their brief why the complaint did not state a cause of action is, apparently, that the action was brought by Connolly, while the real party in interest was Angle, there being no allegation that there was ever an assignment of the rentals due under the lease to Connolly, the plaintiff.

At common law, when the owner of premises made a grant of a reversion to a third party, an attornment was necessary to create the relation of landlord and tenant between the original lessee and the new owner. This rule, however, was changed early in the eighteenth century by 4th Anne, chapter 16, paragraphs 9 and 10, which dispensed with the necessity for an attornment to confer upon the grantee of the reversion all the rights and remedies of a lessor. We have held in the case of *Masury & Son* v. *Bisbee Lumber Co.,* 49 Ariz. 443, 68 Pac. (2d) 679, that the common law of Arizona included the English common law as amended by statute down to the time of the severing of the union between the colonies and the mother country. Under the law of Arizona, therefore, when plaintiff bought the property from Angle, he had all the remedies which Angle possessed for a breach of the lease, and the action was brought in the name of the proper party if there had been a violation of the lease which entitled the owner of the reversion to recover possession of the premises. When a reversion is transferred without a reservation of the rent, the grant conveys the lessor's interest in the unexpired lease, and the purchaser will be entitled to the future rents and profits. *Taylor* v. *Kennedy,* 228 Mass. 390, 117 N. E. 901; *Ben-*

*jamin* v. *Northwestern F. & M. Ins. Co.,* 119 Minn. 27, 137 N. W. 183, 41 L. R. A. (N. S.) 395; 36 C. J. 364, and cases cited. By the terms of the lease a payment of $100 rent was due on the 15th day of July, 1936, after Angle had transferred the reversion to Connolly. Since this sum was not paid when due and was in arrears for more than five days, plaintiff had a right to recover possession of the premises. Section 4325, Rev. Code 1928. We see no reason why the complaint does not state a good cause of action.

■ We consider next the third assignment of error, which is that the court erred in refusing to set aside the judgment in view of proof of excusable neglect. The record shows that the case was tried to the court sitting without a jury, the plaintiff being present in person, and defendants being represented by their attorney. Evidence was introduced by the plaintiff, but defendants' counsel waived the presentation of any evidence, and the court, on the 19th of October, rendered judgment in favor of plaintiff. Thereafter a motion was made to set aside the judgment on the ground that the defendants were not notified by their attorney to be present at the trial of the case on October 19th. The motion was heard by the court, and much evidence presented, and thereafter it was denied. We have examined the transcript of the evidence taken at the hearing upon the motion, and we are of the opinion that the trial court did not abuse its discretion in determining that the motion for a new trial should be denied.

The judgment of the superior court of Graham county is, in all things, affirmed.

McALISTER, C. J., and ROSS, J., concur.