[Civil No. 4443. Filed November 2, 1942.]

[130 Pac. (2) 910.]

WILLIAM E. WELLS, Appellant, v. N. A. LYTLE,
d. b. a. LYTLE REALTY COMPANY, Appellee.

Messrs. Lewkowitz & Wein, for Appellant.

Mr. George Sorenson and Mr. Richard Minne, for
Appellee.

LOCKWOOD, C. J.—This is an appeal from a money
judgment in favor of N. A. Lytle, plaintiff, and against
William E. Wells, defendant. The assignments of error
read as follows:

"1. That the complaint upon which the trial was
had, does not state facts sufficient to grant the relief
prayed for.
"2. That the judgment is contrary to law.
"3. That the judgment is not justified by the evidence."

Rule XII, subdivisions 1 and 3, of the rules of the Supreme Court reads, so far as material, as follows:

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. . . .

"3. Any objection to the ruling or action of the court below will be deemed waived in this Court unless it has been assigned as error in the manner above provided."

This rule has been in effect for nearly forty years, and we have repeatedly had occasion to rule on the effect of a failure to observe it. Many of the cases so ruling are cited in *Thornburg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548.

Upon an examination of the assignments in the present case, it is obvious that the first and second utterly fail to comply with the rule, and we, therefore, following our repeated decisions on similar questions, decline to consider them.

The third, by a most liberal construction, may be assumed to mean that there is not evidence sufficient to sustain the judgment, and we, therefore, consider it.

We have carefully read the transcript of evidence. Since, on such an assignment, each case must stand on its own facts, it would be of no value as a precedent to discuss the evidence at length. It is in sharp conflict on the material questions of fact, but we think there is testimony therein which, if believed by the trial court, as it must have been, would sustain the judgment rendered.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.