[Civil No. 4557. Filed June 1, 1943.]

[138 Pac. (2d) 289.]

GOLDEN EAGLE-BOBTAIL MINES, INC., Appellant, v. THE VALLEY NATIONAL BANK, a National Banking Association, and ALLEN KEMPE, Appellees.

Mr. Vincent A. Marco and Mr. O. B. DeCamp, of Beverly Hills, California, and Mr. Charles P. Elmer, of Kingman, Arizona, for Appellant.

Messrs. Gust, Rosenfeld, Divelbess, Robinette & Coolidge, of Phoenix, Arizona, for Appellee The Valley National Bank; Mr. Carl G. Krook, of Kingman, Arizona, and Mr. C. W. Hobson, of Los Angeles, California, for Appellee Allen Kempe.

STANFORD, J.—This case is the result of an escrow agreement placed with appellee's branch bank at Kingman, Arizona, originally involving $40,000, but the appellee, The Valley National Bank, being uncertain to whom the proceeds of a $2,500 check should be paid, filed a complaint in interpleader against John F. Gross, Gail Reingold, C. W. Hobson and Allen Kempe.

To this action Gross answered that he made no claim to the sum. Reingold, by motion, asked that appellant be made an additional party and, from the records, we understand he was the president and agent of the Golden Eagle-Bobtail Mines, Inc., the appellant. Hobson and Kempe filed a joint answer claiming that Kempe was the owner of the proceeds of the check.

The appellant filed its answer and also filed a cross-complaint against the plaintiff in the lower court, the appellee herein, claiming damages for violation of the escrow instructions in the sum of $215,000.

The Valley National Bank filed its answer to the cross-complaint, and defendants Hobson and Kempe herein filed their reply.

Appellant called for a jury trial but later waived the same and the case was tried before the court.

The judgment of the court awarded to Allen Kempe, who was defendant below and one of the appellees herein, the proceeds of the check for $2,500 involved herein and denied the claim of the appellant for damages against the appellee, The Valley National Bank.

The appellant requested findings of fact and on submission of same by the court, objected and requested and submitted different findings, conclusion and judgment to the court, but the same were denied.

The appellant on appealing, but without a record of the evidence, submits the following assignments of error:

1. The court erred in refusing to make findings of facts on the material issues presented by the pleadings.

2. The Court erred in failing to make an order requiring all the pleadings filed in said cause to be served upon the defendant, Golden Eagle-Bobtail Mines, Inc.

3. The findings of fact do not support judgment.

4. The Court erred in failing to give judgment for appellant, Golden Eagle-Bobtail Mines, Inc., unless it found that the plaintiff received written instructions on the 17th day of June, 1939, and failed to follow said instructions.

In reference to assignment No. 2, to which we will first give our attention, appellant insists that the trial court erred in failing to require the defendant, Golden Eagle-Bobtail Mines, Inc., to be served with the answer to the complaint filed by Hobson and Kempe. From the abstract of record we find, as stated, that Gail Reingold was both the president and agent of the appellant herein; that in order to have the appellant made a party to the action an affidavit was filed in court by Charles P. Elmer, who was the attorney for Gail Reingold, setting forth reasons why the ap-

pellant herein should be made a party to the action, and further stating, "and that justice cannot be done in this action unless it is brought in as a party on such terms and conditions as may be prescribed by the court." The abstract of record also shows the order that was made bringing the appellant herein as a party to the action, and that order reads as follows:

"IT IS ORDERED that the motion be allowed and that counsel for the plaintiff serve upon the statutory agent of the Golden Eagle-Bobtail Mines, Inc., a copy of the complaint and summons and that said parties be allowed the regular time in which to answer."

The appellant refers to Sections 21–321 to 21–325, Arizona Code Annotated 1939, wherein it required that all appearances be served upon the defendants unless the court otherwise designates, etc. No objections were raised to the fact that other pleadings were not served on the appellant and, in view of the language requesting appellant to be made a party and the court's order concerning who should be served, we hold this is not an instance where the paragraphs of our code referred to can be invoked.

With respect to the rest of the assignments, all dealing with the findings of fact, appellant refers to Section 21–1028, Arizona Code Annotated 1939, which is as follows:

"*Findings by the court—Effect.*—In all actions tried upon the facts without a jury, the court, if requested, shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court

adopts them, shall be considered as the findings of the court."

The findings of fact, conclusions of law and judgment submitted by appellant were drawn as if the judgment rendered by the court was rendered for the appellant, but the court had entered judgment for appellee. Space should not be taken to compare the lengthy findings but the judgments conform to the findings, and for example, the court's judgment reads, as to the disposition of the proceeds of the $2,500 check,

"That defendant Allen Kempe is hereby adjudged the owner, and entitled to the immediate delivery of, said Cashier's $2500.00 check, or the proceeds thereof, now on deposit with the Clerk of said Court, and said Clerk is hereby authorized and directed to forthwith deliver to said Allen Kempe, his attorney or agent, the said Cashier's check, or the proceeds thereof."

The judgment submitted by appellant in that regard is as follows:

"That the defendant and cross-complainants, Golden Eagle Bobtail Mines, Inc., do have and recover of and from Allen Kempe the sum of $2500.00.

"That the defendant and cross-complainant, Golden Eagle Bobtail Mines, Inc., is hereby adjudged to be the owner and entitled to the immediate delivery of said Cashier's Check or the proceeds thereof now on deposit with the Clerk of said Court and said Clerk is hereby authorized and directed to forthwith deliver to said defendant and cross-complainant, Golden Eagle Bobtail Mines, Inc., its attorney or agent, the said Cashier's check or the proceeds thereof."

We quote the following from the case of *Niles Sand & Rock Co.* v. *Muir*, 50 Cal. App. 637, 195 Pac. 699, 700:

"There is another reason why no error is shown on the part of the court in refusing to sign the findings proposed by the defendants. None of the evidence

taken at the trial is before this court. The record merely shows 'that plaintiff and defendant introduced evidence on each and all of said allegations.' In the absence of such evidence as might have sufficed to sustain a finding of the court upon the issues raised by the answer and counterclaim, we are unable to determine whether or not it was incumbent upon the court to make the findings which the defendants proposed. As against the presumption in favor of the judgment upon appeal it must be made to affirmatively appear that the evidence introduced was sufficient to authorize such a finding as would 'have the effect of invalidating a judgment fully supported—by the findings made.' "

 Appellant in the argument in its brief points out "that the court did not make findings on the material issues raised by the pleadings and that the findings were inconsistent with the pleadings, and are not sufficient to enable a reviewing Court to pass on the issues raised by the pleadings." We quote in that connection from the case of *People* v. *Gifford,* 54 Cal. App. 182, 201 Pac. 469, 470:

"It is claimed that the court failed to find upon 'material allegations of the answer.' The specification is too indefinite to demand particular notice. However, we find no material allegation that did not receive attention in the findings. Moreover, if there be any such allegation, 'it must be presumed, in the absence of a contrary showing in the record, that there was no evidence which would have sustained a finding' in their favor on such issue."

From 5 C. J. S. Appeal and Error, p. 403, § 1564d, we find the following:

"In the absence of a showing to the contrary, it will be presumed, on appeal, that the findings of the trial court are responsive to the issues raised by the pleadings, and where facts found are not within the formal issues justified by the pleadings it may be assumed that they were placed in issue by agreement or introduction of evidence or otherwise during the trial. It further will be presumed that the finding was made in

accordance with the theory upon which the case was tried and determined.''

The following cases rendered by this court are among numerous opinions on the issues raised, and most of them being cited by appellees: *Thornburg* v. *Frye,* 44 Ariz. 282, 36 Pac. (2d) 548; *Ferrell* v. *Mutual Benefit, H. & A. Ass'n,* 48 Ariz. 521, 63 Pac. (2d) 203; *Miller* v. *Kearnes,* 45 Ariz. 548, 551, 46 Pac. (2d) 638; *Wood* v. *Ford,* 50 Ariz. 356, 72 Pac. (2d) 423; *Bender* v. *Bender,* 49 Ariz. 72, 64 Pac. (2d) 818.

The case of *Walker* v. *Smith,* 39 N. M. 148, 42 Pac. (2d) 768, 769, quite well lays down the established rule:

'' . . . The court found the issue against the defendants, and we must presume that the court found either that the refused requested findings were not warranted by satisfactory evidence or were immaterial. . . . ''

Appellee cites the case of *Smart* v. *Staunton,* 29 Ariz. 1, 239 Pac. 514, 515, and we take from that case on this particular subject, the following paragraph:

''Appellant did not preserve the evidence, and may, of course, not attack the findings as unsupported thereby.''

Then appellant cites the case of *People* v. *Ocean Shore R. R.,* 22 Cal. App. (2d) 657, 72 Pac. (2d) 167, 169, and quotes the following:

''The right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the constitution.''

Again this case is one where the appellate court had the evidence before it.

This is another case presenting diligent services rendered by counsel for the unsuccessful client, but we cannot vary from the settled law on this subject.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.