177 P.2d 217

In re HESSE'S ESTATE.

McNUTT et al. v. GERCKE et al.

No. 4878.

Supreme Court of Arizona.

Feb. 10, 1947.

Krucker & Fowler, of Tucson, and Charles E. Taintor and Scott Weller, both of Los Angeles, Cal., for appellants.

Clifford R. McFall and O'Dowd & O'Dowd, all of Tucson, for appellees.

UDALL, Judge.

This appeal arises out of the judicial interpretation of the provisions of the will of Catherine Hesse, deceased. The admission

of the will to probate, i.e. "the factum of the instrument", was affirmed by this court In re Hesse's Estate, (McNutt v. Gercke), 62 Ariz. 273, 157 P.2d 347. We then carefully refrained from expressing any opinion as to the "validity of any of the bequests or charitable trusts set forth in the will", for the reason that such matters were not properly before us.

Thereafter the lower court proceeded with the essential steps of administration. The appellants, who are next of kin and heirs at law of deceased, in April, 1945, filed their petition to determine heirship under Sec. 38-1519, A.C.A.1939. This petition was indefinitely postponed and a hearing was never had thereon. In June, 1945, the executor filed a final account and report and petition for distribution. The account and report was approved and settled. The appellants filed objections to the petition for distribution, and the appellees filed their motion for summary judgment to test the sufficiency and validity of such objections. On October 17, 1945, the court overruled appellants' objections, granted the motion for summary judgment, and entered a final decree of distribution, which distributed the estate in strict accordance with the express terms of the decedent's will. It was from this decree that this appeal was taken.

We are confronted at the outset with a motion to dismiss the appeal on the ground that the rules of this court governing appeals have not been complied with. Unfortunately, this motion was included within the appellees' brief and thereby escaped the early attention, which it deserved. Much time and effort by counsel in preparing briefs could have been avoided and oral argument made unnecessary had this motion been timely determined. For the guidance of the bar of this state may we suggest that the better practice would be to file any such motions under a separate cover.

The appellees' motion to dismiss asserts a failure by appellants to comply with certain provisions hereinafter set forth of Rule VII having to do with briefs and arguments, and of Rule XII governing assignments of error found on page 312 of Vol. 2, A.C.A.1939. The pertinent parts of the rules claimed to have been ignored read as follows:

"RULE VII.

\* \* \* \* \* \*

"2. The appellant's opening brief shall contain \* \* \*

"(d) The assignments of error relied upon.

"(e) A succinct statement of the legal propositions relied upon by appellant to support his assignments of error. \* \* \*

"RULE XII.

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. \* \* \*"

█ The appellants' opening brief merely contains what they designate as History of Case, Appellants' Objections, and Argument and Authorities. In this situation we have no occasion to test the sufficiency of appellants' assignments of error for there are no assignments. Moreover, the appellants have not set forth any statement of the legal propositions relied upon. Argument in appellants' brief cannot take the place of proper assignments.

.█ The rules of this court concerning appeals are not many nor difficult to understand. They are made so that the opposite party and the court may be advised what questions are to be considered for decision on the appeal. Here there is an attempt to simply throw the whole case "into our laps" on the theory that somewhere therein is something, which made the final result in some way erroneous. Our attention is not specifically directed to the ground of error relied upon nor to the particular rulings complained of, as is required by the above quoted rules of this court. For the reason that there are no assignments of error, and no succinct statement of the legal propositions relied upon, we decline to go further and ourselves search the record for possible error. Moreover, subdivision 3 of Rule XII expressly provides that, "Any objection to the ruling or action of the court below will be deemed waived in this Court unless it has been assigned as error in the manner above provided."

We cannot permit a total disregard of the rules of this Court requiring assignments of error. We are not required to look for the proverbial "needle in the haystack". We must insist that a bona fide and reasonably intelligent effort to comply with the rules be manifest.

There are many decisions of this Court supporting the principles herein stated. See Ferrell v. Mutual Benefit, 48 Ariz. 521, 63 P.2d 203; Wells v. Lytle, 59 Ariz. 541, 130 P.2d 910; Fahrenbrink v. Moore, 51 Ariz. 176, 75 P.2d 360; Thornburg v. Frye, 44 Ariz. 282, 36 P.2d 548; Reid v. Van Winkle, 31 Ariz. 267, 252 P. 189; Brown v. Jerrild, 29 Ariz. 121, 239 P. 795; County of Pinal v. Heiner, 24 Ariz. 346, 209 P. 714; Sweeney v. Winslow Gas Co., 64 Ariz. 51, 165 P.2d 316.

█ The fact that out-of-state attorneys prepared appellants' brief and orally argued the matter does not excuse them in any way from complying with the Court rules. All attorneys permitted by law to appear in a given case are bound at their peril to know the rules and fully comply therewith. Such a glaring violation of this universal rule relating to assignments of error on appeal would cause, if allowed, an undue burden upon the Court which we will not assume.

The appellees' motion to dismiss the appeal is granted.

STANFORD, C. J., and LaPRADE, J., concurring.