222 P.2d 795

**TIDWELL v. RIGGS et al.**

No. 5185.

Supreme Court of Arizona.

Oct. 10, 1950.

———◇———

J. D. Merrill and Fred V. Moore, of Phoenix, for appellant.

Laney & Laney, of Phoenix, for appellees Riggses.

Carl Tenney and Chas. Rogers, of Phoenix, for appellees Kights.

UDALL, Justice.

418

Appellant, Ireta Blake Tidwell, hereinafter called plaintiff, brought an action for conversion against all of the defendants-appellees named in the foregoing title. She alleged that the defendants had converted to their own use 196 tons of hay purchased by her from defendants Riggses and that as a result she had been damaged to the extent of $4312. The case was tried to a jury and a verdict rendered in favor of all the defendants and against the plaintiff. However, Ben Riggs and Myrtle Riggs, his wife, were the only defendants who had a judgment entered in their favor on the verdict.

This appeal was taken from (a) said judgment, (b) a denial of plaintiff's motion to set aside verdict and judgment, (c) a denial for judgment in accordance with plaintiff's motion for a directed verdict, and (d) a denial of plaintiff's motion for a new trial.

■ Counsel for defendants A. L. Kight et ux. and Jess Kight et ux. have moved to dismiss the appeal as to them, the reason being that as to them no judgment had been entered on the verdict. This motion is well taken for it is fundamental that an appeal will lie only where a final judgment has been entered. Consequently, as to these defendants, the appeal must be dismissed.

■ Plaintiff's assignments of error read as follows:

"1. The court erred in denying plaintiff's motion for a directed verdict at the close of the trial.

"2. The court erred in denying plaintiff's motion to set aside the verdict and for judgment in accordance with plaintiff's motion for a directed verdict.

"3. The court erred in denying plaintiff's motion for a new trial.

"4. The court erred in giving the following instructions: (quoting verbatim six instructions)".

The rules of this court governing appeals have remained substantially the same for nearly half a century. The pertinent ones as to assignments of error, applicable in the instant case, are Rules VI and X, Rules of the Supreme Court.

Rule VI, Briefs and Arguments, states in part:

"2. The appellant's opening brief shall contain, in the order herein indicated:
* * *

"(d) The assignments of error relied upon."

Rule X, Assignment of Error, so far as applicable, provides:

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. If the particular ruling complained of has been embodied in a motion for new trial, with other rulings, or in any motion, or in a statement of facts, or otherwise in the record, it must nevertheless be referred to in the assignments of error, or it will be deemed to be waived.

"2. If the assignment of error be that the court overruled a motion for new trial and the motion is based on more than one ground the same will not be considered as distinct and specific by this Court unless each ground is specially and distinctly stated in the assignments of error.

"3. Any objection to the ruling or action of the court below will be deemed waived in this Court unless it has been assigned as error in the manner above provided.

"4. If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state specifically wherein the instruction complained of is erroneous in its statement of the law applicable to the case, or to any particular fact or facts therein."

■ The inadequacy of plaintiff's assignments of error, when tested by these rules, is patent. None of the assignments even approximately complies therewith. We have pointedly reminded the members of the bar, time and time again, of the necessity of complying with the rules laid down by this court, and we have not hesitated to raise the insufficiency of the assignments, as here, upon our own motion. This court collated the cases concerning the insufficiency of assignments of error in the leading case of Thornburg v. Frye, 44 Ariz. 282, 36 P.2d 548. For the edification of the members of the bar we here collate the cases decided since the Thornburg case. Miller v. Kearnes, 45 Ariz. 548, 46 P.2d 638; Collins v. Collins, 46 Ariz. 485, 52 P.2d 1169; American Coarse Gold Corp. v. Young, 46 Ariz. 511, 52 P.2d 1181; Keefe v. Jacobo, 47 Ariz. 162, 54 P.2d 270; Ferrell v. Mutual Benefit, H. & A. Ass'n, 48 Ariz. 521, 63 P.2d 203; Bender v. Bender, 49 Ariz. 72, 64 P.2d 818; City of Phoenix v. Parker, 49 Ariz. 382, 67 P.2d 226; Sovereign Camp, W. O. W., v. Sandoval, 50 Ariz. 59, 68 P.2d 960; Gold v. Killeen, 50 Ariz. 126, 69 P.2d 800; Wood v. Ford, 50 Ariz. 356, 72 P.2d 423; Merryman v. Sears, 50 Ariz. 412, 72 P.2d 943; Patterson v. Connolly, 51 Ariz. 443, 77 P.2d 813; Wilburn v. Reitman, 54 Ariz. 31, 91 P.2d 865; Fellows v. W. C. Ellis Bldg. Co., 54 Ariz. 325, 95 P.2d 563; Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169; Wells v. Lytle, 59 Ariz. 541, 130 P.2d 910; In re Hesse's Estate, 65 Ariz. 169, 177 P.2d 217; Schaefer v. Duhame, 65 Ariz. 385, 181 P.2d 628; Chernov v. Sandell, 68 Ariz. 327, 206 P.2d 348.

■ We point out also that arguments presented in an appellant's brief can never take the place of proper assignments of error. Thornburg v. Frye, supra; In re Hesse's Estate, supra.

■ Notwithstanding plaintiff's failure to comply with our rules, we have examined the entire record, including the reporter's transcript, and there is no doubt in our minds but that plaintiff had a fair and impartial trial and that the jury were properly instructed as to the law.

420

The sharply conflicting evidence was resolved against the plaintiff by the jury as the triers of fact. It is not the province of this court to review the record and overthrow a judgment which is amply sustained by the evidence. Yet the briefs consist principally of a dispute as to the facts, apparently because of plaintiff's unwillingness to accept the verdict of the jury as final. Certain legal principles advanced by the plaintiff may be correct in the abstract, but they have little application to the facts evidently found by the jury in arriving at their verdict.

Judgment affirmed as to defendants Riggses and appeal dismissed as to defendants Kights.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concurring.