232 P.2d 116

**SALYER et al. v. SCHMITT et al.**

No. 5363.

Supreme Court of Arizona.

June 11, 1951.

Croaff & Croaff, of Phoenix, for appellants.

Robert R. Weaver, of Phoenix, for appellees.

UDALL, Chief Justice.

The sole issue presented on this appeal is whether there is evidence to sustain the trial court's judgment entered in this possessory action determining that a certain frame barracks-type building situate on a lot described as Lot 4, Block 8, Harbert's Subdivision, an addition to the city of Phoenix, was a part of the realty rather than personal property.

Joe L. Schmitt and Helen Schmitt, his wife, plaintiffs-appellees, brought this action against defendants William Salyer and Esther Salyer, his wife, and the Young Women's Christian Association, a corporation, primarily to recover possession of Lot 4, supra, and the buildings situate thereon, although other additional relief was sought. The case was tried to the court sitting without a jury and at the close thereof plaintiffs withdrew their claims against the defendant YWCA. Judgment was thereupon entered for plaintiffs granting them immediate possession of said property and every part thereof as against defendants Salyer, but denying the other relief prayed for. The Salyers have appealed from this judgment and the denial of their motion for a new trial.

Although the record is devoid of many material facts, it appears that about a decade ago the city of Phoenix was engaged in the construction of the Marcos de Niza housing project and certain frame barracks-type buildings had to be moved to make way for the new construction. The YWCA was orally advised by a single member of the Phoenix Housing Authority that if it would remove the buildings, paying all expenses incurred, the city would give to the YWCA some of these buildings for use in its recreation program. No formal action was ever taken validating or attempting to validate the giving away of these buildings in this manner. The building involved in the present suit is one which was moved onto the lot in question at 1452 West McKinley street by the YWCA with the city's "permission". The city at that time believed that the lot belonged to it because of delinquent and unpaid taxes and street improvement assessments. It later developed that the city was mistaken—the lot did not belong to it. Apparently it was understood that the YWCA might later remove the building from Lot 4 to a more permanent location if it so desired. The YWCA later was forced to abandon its recreation program because of a shortage of supervisory personnel, and it has never attempted to move the house from the lot.

Thereafter, although exactly when is not shown by the record, the YWCA gave its permission to the defendants Salyer to move into the building and to occupy it as a residence. Salyer, who was a city employee, agreed to repay the YWCA for its costs of moving the building. According to Salyer's testimony he did contribute to the YWCA some $15 per month for a

period of nearly a year, in addition to making some needed repairs to the building. Salyer, like the YWCA, has never attempted to move the house elsewhere.

Plaintiffs in March of 1944 acquired a treasurer's tax deed to Lot 4 and thereafter brought an action to quiet title to the premises. Named as defendants in this suit, along with the original record owners, were the State, the county of Maricopa, and the city of Phoenix. While the defendants Salyer were then living on the premises they were not made parties to the suit. Judgment was entered in October of 1945 quieting their title.

Plaintiffs' title to Lot 4 is not now in dispute. The building, over which this controversy arose, rests upon concrete piers or blocks upon the premises. The record does not disclose just when or by whom utility connections were made to the city water and sewer systems, although it is undisputed that such connections were made prior to plaintiffs obtaining their tax deed. Likewise the record is silent as to when the building was placed on the lot, but it does show that the treasurer's deed was issued to plaintiffs in March of 1944 and that the building was on the premises at that time. In October of 1945 plaintiffs brought their suit to quiet title and the city was made a party defendant. Although a party defendant, the city made no claim to the building and a decree quieting title in plaintiffs resulted.

There is also evidence in the record that even prior to plaintiffs' quiet title action the Salyers, in September of 1944 after plaintiffs acquired their treasurer's tax deed, attorned to them by paying $10 rent for one month on the premises.

Defendants, after living in the house on Lot 4 for nearly a decade, now apparently contend on this appeal that the building is personal property both because of the intention of the parties and the manner in which it was placed on the realty.

▪ Defendants' sole assignment of error reads: "The judgment of the court was not justified by the evidence and is contrary to law." Obviously this assignment wholly fails to comply with the rules of this court concerning assignments of error, Rules of the Supreme Court, Rule X. We have always reserved the right to raise the inadequacy of such assignments upon our own motion. Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795, and cases cited therein. Nevertheless we have carefully examined the entire record and have concluded that there is no merit to defendants' contentions.

▪ There are several different theories upon which the learned trial court may have predicated its judgment. The court may have properly found either (1) that the building had become annexed to the realty and had become a part thereof prior to the time plaintiffs' title was quieted in 1945; or (2) that the YWCA abandoned the building, as well as its intention to re-

move same, at the time its recreation project was discontinued and hence the building ceased to be personal property and became a part of the realty; or (3) that defendants were mere trespassers having neither title nor right of possession to the building and that their single payment of rental to plaintiffs was an acknowledgment of such facts.

Judgment affirmed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concuring.