236 P.2d 732

## MELOY v. SAINT PAUL MERCURY INDEMNITY CO.

No. 5372.

Supreme Court of Arizona.

Oct. 16, 1951.

Beumler & Beumler, Douglas, for appellant.

Darnell, Robertson & Holesapple, Tucson, for appellee, Saint Paul Mercury Indemnity Co.

UDALL, Chief Justice.

There are two sound reasons, neither of them suggested by the appellee, why this court upon its own motion should dismiss this appeal.

■ The first ground is a jurisdictional one. It is fundamental that the right of appeal exists only by force of the statutes, and where no appeal is afforded, the Supreme Court has no jurisdiction to pass upon the merits of a controversy. State v. Phelps, 67 Ariz. 215, 193 P.2d 921; Duncan v. Superior Court of Pinal County, 65 Ariz. 193, 177 P.2d 374.

In the instant case the notice of appeal is from an order of the superior court granting a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *No judgment was entered.*

■ We have painstakingly examined our statutes relative to appeals and find that "an order granting a motion to dismiss" is not enumerated under section 21–1702, A.C.A. 1939, as one of the "judgments and orders reviewable". In the unreported case of Sheridan v. Kleeman, (No. 5538) this court by a minute order dated September 25, 1951, held that an order granting a motion to dismiss was not an appealable order. We now formally adhere to this ruling and upon our own motion held that in the instant case the appeal was prematurely taken for the following reasons:

With the adoption of the Federal Rules, 28 U.S.C.A., demurrers were expressly abolished, section 21–403, A.C.A. 1939, Rule 7(c), and motions to dismiss for failure to state a claim, section 21–429, A.C.A. 1939, Rule 12(b), as amended, effective April 1, 1950, now serve a similar purpose. In an unbroken line of decisions from Aiton v. Board of Medical Examiners, 1910, 13 Ariz. 74, 108 P. 221, to Miller v. Arizona Bank, 1935, 45 Ariz. 297, 43 P.2d 518, we have held that an order sustaining a demurrer is not an appealable order. During this entire period the appeal statute, in so far as is here material, has remained the same as it is today. Decisions from other jurisdictions are not very helpful on account of dissimilar statutory provisions governing appeals. However it is interesting to note that in the federal appellate courts where review is limited to "final decisions", 28 U.S.C.A. § 1291, it is normally held that in the absence of a judgment of dismissal, no appeal will lie from an order granting a motion to dismiss. Wright v. Gibson, 9 Cir., 128 F.2d 865; Cashion v. Bunn, 9 Cir., 149 F.2d 969.

■ A judgment dismissing an action is a final decision and hence is appealable. But the granting of a motion to dismiss a complaint is merely an unappealable preliminary or interlocutory order. See Ingalls v. Neidlinger, 70 Ariz. 40, 216 P.2d 387.

■ The other ground for dismissing this appeal is the failure on the part of the appellant to comply with Rule X of this court which governs assignments of error. The sole assignment reads: "The Honorable Court erred in granting the motion of the defendant to dismiss the plaintiff's complaint."

This assignment is patently defective as it wholly fails to point out in what respect and for what reason the ruling was erroneous. After the repeated and pointed reminders we have given to the bar in this matter, it would seem that by now it should be known by all its members that a compliance with the rules is mandatory. See Tidwell v. Riggs, 1950, 70 Ariz. 417, 222 P.2d 795, where the previous cases on this point are collected. Since the rendition of that opinion we have refused to consider defective assignments in the following cases, viz.: Campbell v. King, 71 Ariz. 1, 222 P.2d 980; Bragg v. Industrial Commission, 71 Ariz. 37, 223 P.2d 180; Armstrong v. Armstrong, 71 Ariz. 275, 226 P.2d 168; Cecil v. Gila County, 71 Ariz. 320, 227 P.2d 217; and Bassett v. Ryan, Ariz., 236 P.2d 458 (not yet reported [in state report]).

Upon the grounds heretofore stated this appeal is ordered dismissed.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.