**258 P.2d 418**

**STATE BOARD OF BARBER EXAMINERS et al. v. EDWARDS.**

**No. 5629.**

Supreme Court of Arizona.

June 15, 1953.

Rehearing Denied July 7, 1953.

Ross F. Jones, Atty. Gen., Irwin Cantor, Asst. Atty. Gen., and J. H. Morgan, Phoenix, for appellants.

Udall & Udall, Tucson, for appellee Edwards.

STRUCKMEYER, Superior Court Judge.

This action was initiated by C. C. Edwards, appellee, plaintiff in the court below, to restrain the enforcement of those sections of Article 1, Chapter 67, A.C.A. 1939, relating to price fixing in the barbering profession. This court held on a previous appeal between these parties that such sections were unconstitutional. Edwards v. State Board of Barber Examiners, 72 Ariz. 108, 231 P.2d 450. We directed that further proceedings be had not in conflict with the opinion. On return to the Superior Court of Maricopa County the appellants, defendants therein, answered setting forth affirmatively that the public health, safety and general welfare required and necessitated the establishment of minimum prices and that there was and is real and obvious connection between price fixing and the preservation of the public health, safety and general welfare. The principal facts establishing plaintiff's cause of action were admitted. Immaterial matters and the legal conclusions that price fixing was unconstitutional were denied.

Appellee moved for judgment on the pleadings, contending that since the constitutionality of the price fixing provision of chapter 67 had been adjudicated in the former appeal, there was no justiciable issue for determination. The motion was granted and a judgment entered, by the terms of which appellants were enjoined and restrained from enforcing the price provisions of said chapter. From that judgment this appeal is prosecuted.

Appellants primarily seek to have this court re-examine the question of the constitutionality of the statutes affected by our former opinion. They urge:

First, that this court was without jurisdiction to entertain the former appeal since no appealable order or judgment had been entered. The order from which appeal was taken provided:

"It is ordered granting plaintiff's motion to dismiss plaintiff's complaint, *and plaintiff's complaint is hereby dismissed.*" (Emphasis supplied.)

Appellants cite and rely on the holding in Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732, 733. However, the distinction applicable to this case was pointed out therein:

"A judgment dismissing an action is a final decision and hence is appealable. But the granting of a motion to dismiss a complaint is merely an unappealable preliminary or interlocutory order."

The concluding clause of the order now questioned is a direct order of dismissal. It was entered in the civil docket of the Superior Court in accordance with sections 21–1230 and 21–1910 A.C.A. 1939. A similar order under like practice has been held a final disposition. J. E. Haddock, Ltd. v. Pillsbury, 9 Cir., 155 F.2d 820, certiorari denied, 329 U.S. 719, 67 S.Ct. 53, 91 L.Ed. 624, rehearing denied, 329 U.S. 826, 67 S.Ct. 182, 91 L.Ed. 701.

■ Second, that the former opinion *disposed of the constitutional question* without any facts from which could be determined whether the price fixing provisions were reasonably related to the public health, safety and welfare, it being asserted that appellants are entitled to a hearing and an opportunity to establish by extrinsic evidence facts to support this relationship.

In the former opinion, we took judicial notice of the facts from which the relationship between price fixing and health and safety in barbering could reasonably be inferred. This was pointed out in the following language [72 Ariz. 108, 231 P.2d 452]:

"Appellees have failed to indicate—to establish any logical relationship whatsoever—the basis for their assumption that the acts in question are not 'arbitrary and wholly unwarranted,' nor have they pointed out any possible facts which if assumed to be true would place them within the purview of the operation of this rule, nor have we been able to discover any from the reported cases or otherwise conceive of any."

Historically, decisions on constitutional questions have been bottomed on facts which courts judicially notice. For example, in McCulloch v. State of Maryland, 1819, 4 Wheat. 316, 4 L.Ed. 579, the decision turned on what was essentially a question of fact as to whether a National Bank was an appropriate means of carrying on wars, collecting revenue, borrowing money or regulating commerce among the states. Since that time this has been the settled practice in leading jurisdictions in this country. Tenement House Department of City of New York v. Moeschen, 179 N.Y. 325, 72 N.E. 231, 70 L.R.A. 704, 103 Am. St.Rep. 910, 1 Ann.Cas. 439, affirmed 203 U.S. 583, 27 S.Ct. 781, 51 L.Ed. 328; Commonwealth v. Pear, 183 Mass. 242, 66 N.E. 719, 67 L.R.A. 935, affirmed Jacobson v. Mass., 197 U.S. 11, 25 S.Ct. 358, 49 L

Ed. 643, 3 Ann.Cas. 765; Boshuizen v. Thompson & Taylor Co., 360 Ill. 160, 195 N.E. 625; Martin v. Superior Court of Sacramento County, 194 Cal. 93, 227 P. 762.

For example, in Tenement House Department, etc. v. Moeschen, supra [179 N. Y. 325, 72 N.E. 232]:

> "It is well settled in this court and in the Supreme Court of the United States that the constitutionality of a statute may be determined by considering its language and the material facts of which the court can take judicial notice." (Citing cases.)

Not only is it the accepted practice to determine constitutional questions on facts which may be judicially noticed, but many courts have considered that extrinsic evidence may not be introduced. Barker v. State Fish Commission, 88 Wash. 73, 152 P. 537, Ann.Cas.1917D, 810; People v. Smith, 108 Mich. 527, 66 N.W. 382, 32 L. R.A. 853, 62 Am.St.Rep. 715; Stevenson v. Colgan, 91 Cal. 649, 27 P. 1089, 14 L.R.A. 459, 25 Am.St.Rep. 230; Pittsburgh C., C. & St. L. Ry. Co. v. State, 180 Ind. 245, 102 N.E. 25, L.R.A. 1915D, 458; People v. Buffalo Cold Storage Co., 113 Misc. 479, 185 N.Y.S. 790.

In this state constitutional questions have been settled in the same manner without challenge or comment, i. e., see: Bardon v. Hubbs, 30 Ariz. 307, 246 P. 770; State v. Childs, 32 Ariz. 222, 257 P. 366, 54 A.L.R. 736; Atchison, T. & S. F. Ry. Co. v. State, 33 Ariz. 440, 265 P. 602, 58 A.L.R. 563; Tillotson v. Frohmiller, 34 Ariz. 394, 271 P. 867; Gila Meat Co. v. State, 35 Ariz. 194, 276 P. 1; Betts v. Lightning Delivery Co., 42 Ariz. 105, 22 P.2d 827; Crane v. Frohmiller, 45 Ariz. 490, 45 P.2d 955; Kresos v. White, 47 Ariz. 175, 54 P.2d 800.

■ In American Federation of Labor v. American Sash & Door Co., 67 Ariz. 20, 189 P.2d 912, 918, affirmed 335 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222, 6 A.L.R.2d 481, we quoted with approval from Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001:

> "* * * Hence, in passing on the validity of the present classification, it is not the province of a court to hear and examine evidence for the purpose of deciding again a question which the legislature has already decided. *Its function is only to determine whether it is possible to say that the legislative decision is without rational basis.* * * *" (Emphasis supplied.)

■ Generally the constitutionality of a law should not be determined on a question of fact to be ascertained by the court for the reason that testimony may be different in different cases and courts would then become involved in the absurdity of declaring a law constitutional one day and unconstitutional the next. Nor will courts conduct investigations to sustain or frustrate legislation according to whether the

court happens to approve or disapprove of the facts which compelled legislative action.

■ Appellants have failed to observe the distinction between the power of the court to declare legislation invalid and the right of a litigant to have the court consider evidence when determining the validity of such legislation. In the first instance the power is inherent. Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60. The second is a procedural expediency, sanctioned only by necessity where the existence of a rational basis for legislation depends upon facts beyond the sphere of judicial notice. United States v. Carolene Products Co., 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234.

■ The former opinion rested on the absence of a reasonable relationship between minimum prices and the public health and safety. We did not then think it necessary to specifically point out that the members of this court, as patrons of barbers and their shops, in common with civilized people everywhere, were acquainted with the elemental practices in the barbering profession insuring cleanliness and curtailing the spread of infectious diseases. Courts are not required to be more ignorant than the rest of mankind. 20 Am.Jur. Evidence, Sec. 17.

The judgment is affirmed.

PHELPS, LA PRADE and WINDES, JJ., and TRUMAN, Superior Court Judge, concurring.

STANFORD and UDALL, JJ., having disqualified, Superior Court Judges FRED C. STRUCKMEYER, Jr., and WM. C TRUMAN sat in their stead.