365 P.2d 210

**Joseph R. BUTLER, Appellant,**

**v.**

**Edward VAN SANT, Appellee.**

**No. 6929.**

Supreme Court of Arizona.

Oct. 4, 1961.

Shortridge & Quisenberry, Phoenix, for appellant.

Stephen W. Connors, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

This is an appeal from an order of the Superior Court of Maricopa County granting defendant-appellee's motion to dismiss the action. There are two reasons why there is no alternative but to dismiss the appeal.

First, the order of the court below is not an order enumerated in A.R.S. § 12–2101 upon which an appeal can be based. The defendant below made a motion to dismiss upon the grounds that plaintiff failed to state a claim upon which relief can be granted and that the court lacked jurisdiction over the subject matter. The court below by minute order granted defendant's motion to dismiss. It does not appear from the record that a judgment of dismissal was ever entered.

This Court in the past has held that a judgment dismissing an action is a final decision which can be appealed but an order granting a motion to dismiss a complaint is merely an unappealable preliminary or interlocutory order. Reed v. Coyner Crop Dusters, 83 Ariz. 153, 317 P.2d 944; State Board of Barber Examiners v. Edwards, 76 Ariz. 27, 258 P.2d 418; Meloy v.

Saint Paul Mercury Indemnity Co., · 72 Ariz. 406, 236 P.2d 732.

■ The second ground for dismissing this appeal is the failure of appellant to designate any assignments of error upon which he relies for reversal.·

Rule 5(b) of the Rules of the Supreme Court of Arizona, 17 A.R.S., provides:

"* * * The brief of appellant . shall contain a short and clear statement disclosing: * * *

"7. The assignments of error relied upon for reversal."

Rule 5(c) of the Rules of the Supreme Court of Arizona provides:

"1. Assignments of error shall distinctly specify each ground of error relied upon and the particular ruling complained of. If the particular ruling complained of has been embodied in a motion for new trial, with other rulings, or in any motion, or in a statement of facts, or otherwise in the record, it shall nevertheless be referred to in the assignments of error, or it will be deemed waived."

\* \* \* \* \* \*

"3. An objection to the ruling or action of the trial court will be deemed waived in this court unless it has been · assigned as error in the manner provided by this Rule."

Appellant by his complete·failure to comply or even attempt to comply with the court rules relating to assignments of error has waived any error which may have been committed.

It has long been the rule in this jurisdiction that in the absence of any assignment of error the court may dismiss the appeal. Bender v. Bender, 49 Ariz. 72, 64 P.2d 818; Hansen v. Hansen, 26 Ariz. 292, 224 P. 826. For a collection of earlier cases so holding see Bouldin v. Sheerer, 21 Ariz. 247, 187 P. 568.

We have also held that a motion to dismiss an appeal will be granted when an appellant has failed to set forth any assignments of error. In re Hesse's Estate, 65 Ariz. 169, 177 P.2d 217. We have also consistently held that questions not raised by sufficient assignments of error will not be considered on appeal. Chesley v. Jones, 81 Ariz. 1, 299 P.2d 179; In re Graham's Estate, 73 Ariz. 179, 239 P.2d 365; Armstrong v. Armstrong, 71 Ariz. 275, 226 P.2d 168. For a collection of earlier cases so ruling on this latter point see Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795; and Thornburg v. Frye, 44 Ariz. 282, 36 P.2d 548. The purpose of these rules is not to unduly restrict parties who appeal from decisions of the lower court but rather the purpose is to apprise the opposite party and the court of the questions which are to be considered on appeal. Compliance with

the rules of this Court concerning appeals is no less important today than it has been in the past.

Upon the foregoing grounds the appeal is dismissed.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ.