317 P.2d 944

Cozette M. REED, Administratrix of the Estate of George T. Reed, deceased, Appellant,

v.

COYNER CROP DUSTERS, an Arizona corporation, Katar Singh and Jane Doe Singh, his wife, Foyal A. Wilden and Olga O. Wilden, his wife, M. O. Best and Dora A. Best, his wife, doing business as M. O. Best Company, and Don Underwood, Appellees.

No. 6280.

Supreme Court of Arizona.

Nov. 19, 1957.

John C. Hughes and John U. Vinson, Phoenix, for appellant.

Cox & Cox and Williby E. Case, Jr., Phoenix, for appellees Coyner Crop Dusters and Don Underwood.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellees M. O. Best and Dora A. Best.

Lewkowitz & Marron, Phoenix, for appellees Foyal Wilden and Olga O. Wilden.

PHELPS, Justice.

On October 4, 1952, plaintiff, Cozette M. Reed, filed an action for wrongful death against Coyner Crop Dusters, et al. in the Superior Court of Maricopa County. Later she filed an amended complaint in which she added parties. In opposition to her complaint, the defendants moved to dismiss, to make more definite and certain, and for severance and separate trials. These motions were granted with leave to amend within ten days. Thereafter plaintiff filed a second amended complaint against which defendants moved to dismiss, to strike, to make more definite and certain, and for severance. The court denied the motions to dismiss and to make more definite and certain, retained the motions for severance under advisement, and ordered certain words and phrases stricken from the amended complaint. The defendants then filed a motion for rehearing in which they asked for a reinstatement of their respective motions previously made because, in accordance with the directive of the court, they desired to present further oral argument and authority in support of said motions. The previous motions to dismiss gave failure to state a claim against the defendants as the grounds therefor. On October 11, 1954, the court entered an "order granting the motions for rehearing and to dismiss the second amended complaint with leave to plaintiff to file a third amended complaint in twenty (20) days." For fifteen months thereafter this action lay dormant. The plaintiff did not file an amended complaint within twenty days, and the defendant did not move for judgment at the expiration of twenty days. Finally, on January 27, 1956, the plaintiff attempted to file a third amended complaint. The defendants then moved for judgment and on March 5, 1956, the court ordered "that judgment be entered, that the plaintiff take nothing." Plaintiff now appeals from that judgment.

Plaintiff in her appeal to this Court assigns as error the trial court's dismissal of her second amended complaint for failure to state a claim upon the ground that it does state a claim upon which relief can be granted. She contends that it shows that she properly brings the action in wrongful death as administratrix of the estate of the deceased, George T. Reed, and that it states a cause of action in negligence by showing

a duty owed by defendants to deceased, a violation of that duty, and resulting damage. We entirely agree with her contentions.

In their brief on appeal before this Court the defendants have given us absolutely no indication of what they believe the second amended complaint lacks by way of stating a claim. Defendants forced us to refer to the memoranda of authorities in support of their motions to dismiss in order to discover some basis for such motions. That reference failed to supply a basis. The memoranda quote statements of law on proximate cause and cite authorities on the subject of misjoinder of parties as joint tort-feasors when not acting in concert. Neither serves as grounds for dismissal. In her second amended complaint plaintiff alleges that the death of her husband was caused by an aggravation of his condition through the toxic effects of a poisoning *proximately resulting* from the acts of the defendants. The proposition that the court must accept the allegations of the complaint as true on a motion to dismiss for failure to state a claim needs no authority. Cases so holding are legion. As to misjoinder of parties, we do not here decide whether the complaint leaves itself vulnerable to a motion to add or drop parties. We do point out that defendants' authorities on the subject of misjoinder afford no basis for a motion to dismiss. The very first sentence of section 21–520, A.C.A.1939, now Rule 21, 16 A.R.S., states:

"Misjoinder of parties is not ground for dismissal of an action."

This Court would have difficulty stating this more clearly.

Defendants in their brief maintain that the question of whether the second amended complaint states a claim is not before this Court on the present appeal. We find no merit in their position. They argue that the time to appeal the order of October 11, 1954 began to run at the expiration of twenty days thereafter. Apparently defendants are unaware of this Court's holding in the case of Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732, that the granting of a motion to dismiss a complaint is merely an unappealable preliminary or interlocutory order and that only a judgment dismissing an action is a final decision and hence appealable. The plaintiff in this case could only properly appeal the correctness of the court's grant of motions to dismiss after entry of judgment thereon. That entry finally took place on March 5, 1956, and plaintiff made timely appeal.

Judgment reversed with instructions to reinstate the second amended complaint.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.