[Civil No. 1768.   Filed April 28, 1920.]

[189 Pac. 244.]

## SOUTHWEST HAY AND GRAIN COMPANY, a Corporation, Appellant, v. MARVIN YOUNG, Appellee.

1. PLEADING—COMPLAINT ALLEGING FACTS HELD ON OPEN ACCOUNT, THOUGH NOT SO DESIGNATED.—A complaint, alleging facts and circumstances constituting an open account between plaintiff and defendant, was on an open account, though it did not designate the account as such, the facts alleged and not pleader's conception controlling.

2. APPEAL AND ERROR—ASSIGNMENT QUESTIONING COMPLAINT ON ACCOUNT HELD NOT TO PRESENT COMPETENCY OF VERIFIED STATEMENT.—Assignment of error, merely questioning sufficiency of the complaint as one on open account because omitting to state expressly that it was founded on such an account, raises no questions affecting the competency as evidence of plaintiff's verified statement under Civil Code of 1913, paragraph 1755.

3. NEW TRIAL—COURT DOES NOT ERR IN REFUSING ON GROUND NOT ASSIGNED.—The trial court could not possibly have committed error in refusing new trial on a ground not assigned in the motion and therefore never presented to it.

4. APPEAL AND ERROR—ASSIGNMENT NOT BASED ON RULING DOES NOT REQUIRE REVIEW.—An assignment of error in refusing new trial for a reason not raised in the motion for new trial was not based on any order or ruling of the trial court; hence does not fall within Civil Code of 1913, paragraph 1231, requiring review by the Supreme Court of all orders and rulings assigned as error on appeal from final judgments.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   R. C. Stanford, Judge. Affirmed.

Mr. W. H. Stilwell, for Appellant.

Messrs. Gandy & Cunningham, for Appellee.

ROSS, J.—Appellee, as plaintiff, brought this action against appellant, claiming a balance due him of $526.40 on a running account.   Attached to the com-

plaint was an itemized statement of the account veri-
fied by plaintiff. The answer of appellant was an
unverified general denial, plea of overpayment to
appellee, and a counterclaim for damages. Appellee
had judgment for the full amount of his claim.

The appellant's first assignment of error is in the
following words:

. "The court erred in admitting in evidence over the
objection of defendant the statement attached to the
complaint. The complaint did not allege that the ac-
count sued on was an 'open account' and therefore
did not allege a cause of action on an 'open ac-
count.' "

Paragraph 1755, Civil Code, provides for the veri-
fication of an "open account" when sued on, and for-
bids the opposite party from denying the account, or
any item therein, unless he has done so under oath at
least one day before the trial. Appellee, proceeding
under this statute, offered and was permitted to intro-
duce in evidence the verified account attached to his
complaint. The only objection to this evidence was in
these words:

"We object to the introduction of this as not being
a correct statement and demand proof of it."

The ground of objection here suggested has been
abandoned by appellant, and he now says, because the
complaint did not allege that the account sued on was
"an open account," it did not state a cause of action
on an "open account," and therefore it was error to
accept the verified account as evidence. We cannot
follow the reasoning. An open account is not such
because the pleader may characterize it as one, nor
because he fails to so designate it. It is the facts
and circumstances entering into it, and not the
pleader's conception of it, that constitute it an open
account. So, the complaint might very well allege a
cause of action on an open account without naming it
such. The assignment does not question the suffi-

ciency of the complaint in other respects, but relies solely upon the omission of the pleader to state that it is founded upon an open account. This assignment raises no question affecting the competency of the verified statement as evidence.

It is next assigned that the court erred in not granting appellant's motion for a new trial for the reason that the evidence shows "that each transaction regarding each separate crop of hay was a separate transaction; that there was no open account." Looking to the motion for a new trial, we find no ground therein set forth corresponding with this alleged error, or in the least resembling it. The court could not possibly have committed error in refusing a new trial upon that ground, as it was not assigned in the motion, and therefore was never presented to the trial court. This assignment is not based upon any order or ruling of the trial court, and therefore does not fall within the terms of the statute (paragraph 1231, Civ. Code) requiring a review by this court.

This disposes of all of appellant's complaints of the trial, and results in an affirmance of the judgment.

CUNNINGHAM, C. J., and BAKER, J., concur.