[Civil No. 2550.   Filed January 10, 1927.]

[252 Pac. 189.]

ABE L. REID, Appellant, v. ELLA VAN WINKLE, Appellee.

Mr. E. L. Spriggs, for Appellant.

Mr. George H. Rawlins, for Appellee.

McALISTER, J.—This is an action by Ella Van Winkle against Abe L. Reid and the Copper Cities Bank, in which she prays for an order directing the latter to deliver to her a bill of sale to certain cattle and a mining deed conveying a one-half interest in certain mining claims, both of which were held by said bank in escrow, and for judgment against Reid for $200 in damages for instructing the bank not to deliver her said bill of sale and deed. She prevailed in the trial court, and the defendant, Reid, appeals from the judgment and order overruling his motion for a new trial.

It appears that appellant, Abe L. Reid, and appellee, Mrs. Van Winkle, entered into a contract on February 28, 1925, in which the former agreed to sell the latter, for a consideration of $1,500, seventy-five head of cattle, more or less, together with a one-half interest in five unpatented lode mining claims situated in Graham county, Arizona, and that a bill of sale to said cattle and a deed conveying said mining interest were drawn up and deposited in escrow with the Copper Cities Bank with instructions to deliver them to appellee herein, provided she placed

to the credit of appellant in said bank $800 on or before June 1, 1925, but in case she failed to do this to deliver them to appellant. The agreement acknowledges payment of $700 upon its execution, and appellee alleges that within the proper time she tendered $800 to the bank, but, acting upon the instructions of appellant, it refused to accept this money and deliver her the papers, and that in consequence of such refusal she was damaged in the sum of $200. The agreement provides that if the cattle delivered exceeds seventy-five appellee shall pay $15 a head over and above $800, but if they fall below this number the same amount a head shall be deducted from this sum, and the contentions of the respective parties as to how many cattle were delivered is the main reason for the action. The judgment was that appellee have $100 as damages for breaching the contract, and that upon the payment by her to the appellant of $515, the balance due on the contract, less said $100, the defendant, Copper Cities Bank, deliver the bill of sale and mining deed to appellee in accordance with the terms of the agreement.

As grounds for a reversal of the judgment appellant makes the following assignments of error:

"Assignment of error No. 1: The court erred in overruling defendant's demurrer. Assignment of Error No. 2: The court erred in denying defendant's motion for a new trial. Assignment of error No. 3: The judgment rendered in this case does not conform to, and is not supported by, the pleadings nor the evidence. Assignment of error No. 4: The judgment is inconsistent and finds both for the plaintiff and the defendant."

Relative to the first assignment it is sufficient to say that the abstract of record does not disclose any ruling upon which this court can pass. The demurrer was neither overruled nor sustained, hence there

was no action by the court within the purview of paragraph 1231 of the Civil Code of 1913, which makes it the duty of this court to review orders and rulings made by the court below. *Southwest Hay & Grain Co.* v. *Young,* 21 Ariz. 405, 189 Pac. 244. A demurrer is not unlike a motion for judgment in this respect, and in *Atlantic National Bank of Boston* v. *Korrick et al.,* 29 Ariz. 468, 43 A. L. R. 1184, 242 Pac. 1009, this court used the following language concerning the latter:

"Error is assigned upon the court's refusal to grant such motion. The record fails to show that the court ever passed upon the motion either refusing or granting the same, and for that reason there is no basis for such assignment."

The failure to rule on it did not by operation of law result in the demurrer's being overruled, but signified rather that the demurrant did not care to press it and therefore waived it.

Appellee objects to a consideration of assignment No. 2 upon the ground that it is too general in that it does not distinctly specify the particular ruling or error complained of. This objection is clearly well founded, because the assignment does not disclose even indefinitely what ruling the court made that was erroneous—whether it was one admitting evidence over objection, or one refusing evidence that should have been admitted, or one sustaining or overruling some motion or passing upon some other proposition. To make the general statement that the court erred in denying defendant's motion for a new trial does not point out any ruling of the court with any more particularity than does the expression, "the judgment is contrary to the evidence," which constituted one of the assignments in *County of Pinal* v. *Heiner,* 24 Ariz. 346, 209 Pac. 714, and led us to say:

"It has been held by this court on a number of occasions that assignments of this character are insufficient to raise or present for review any ruling of the trial court."

Any ruling which appellant thought prejudicial to him and was embodied in his motion for a new trial should have been specifically mentioned in the assignments of error, otherwise it was deemed waived. Section 1, Rule 12, Rules of the Supreme Court. It may be well to repeat what was said in *Wootan* v. *Roten*, 19 Ariz. 235, 168 Pac. 640, and in several other cases since, that this court will not look to the argument or other portions of the brief to aid the assignment, for if it be necessary to do this to ascertain what the error complained of is the brief does not comply with the rule requiring assignments of error.

Consideration of assignment No. 3 is objected to also upon the ground that it is too general, since it fails to state wherein the judgment is contrary to the pleadings or the evidence. The validity of this objection is so apparent, in view of what has just been said, that it is unnecessary to discuss this assignment.

We are unable to see any merit in assignment No. 4 which charges that the "judgment is inconsistent and finds for both plaintiff and defendant." This is very little, if any, more definite than the two preceding assignments, but we take it that appellant is objecting to the order directing the Copper Cities Bank, the escrow-holder, to deliver the bill of sale and deed to appellee upon payment by her of the balance due on the contract, $515. The judgment was that the bank deliver these papers upon her making this payment and that she recover $100 in damages, but there is nothing in it ordering her to make it. The delivery of the bill of sale and deed is merely made contingent upon her doing so. Na-

turally she could not ask nor would the court hold that appellant be compelled to live up to his contract unless she fulfilled hers. There is nothing inconsistent in such a judgment, neither is it subject to the charge that it is in favor of both parties.

The judgment is therefore affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.