NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DALE DEAN CRYER, *Appellant*.

No. 1 CA-CR 16-0431
FILED 6-15-2017

Appeal from the Superior Court in Maricopa County
No. CR 2015-112211-001
The Honorable John Christian Rea, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence H. Blieden
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

¶1 Dale Dean Cryer ("Cryer") was tried and convicted of possession or use of a dangerous drug, a class 4 felony, and possession of drug paraphernalia, a class 6 felony. Counsel filed a brief in accordance with *Anders v. California,* 386 U.S. 738 (1967) and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Cryer filed a pro per supplemental brief, and requests this Court review the issues discussed below. For the following reasons, we affirm Cryer's convictions, but modify his sentences to grant him the correct amount of presentence incarceration credit.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 On March 15, 2015, around 11:50pm Cryer was pulled over by a Phoenix police officer for expired registration on his license plates. Upon contact with Cryer, the officer learned that the vehicle did not belong to Cryer, but that he did have permission to drive it. Due to Cryer's behavior and vague answers to the officer's questions, the officer became suspicious of Cryer and asked if he could search the car and Cryer. Cryer gave him permission to do so, and upon searching the car the officer found a cigarette pack that contained what he believed to be methamphetamine. The officer then arrested Cryer and gave him a *Miranda* warning.[1]

¶3 The officer then questioned Cryer and he admitted that the cigarette pack and methamphetamine were his and that he had just purchased the drugs for $35. The substance was later tested by a forensic scientist and determined to be methamphetamine.

¶4 After a two-day jury trial, Cryer was found guilty of possession or use of a dangerous drug, a class 4 felony, and possession of drug paraphernalia, a class 6 felony. The court sentenced Cryer to a

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

concurrent term of seven years' imprisonment for possession or use of a dangerous drug, and 3.75 years for possession of drug paraphernalia. Cryer timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 13-4031 (2017) and 13-4033(A)(1) (2008).[2]

## DISCUSSION

**¶5**        In an *Anders* appeal, because no issues were preserved below, this Court reviews the entire record for fundamental error. *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011) (citation omitted). Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an error of such weight that the defendant could not possibly have had a fair trial. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citations and quotations omitted). A defendant must also show the error prejudiced him. *Id.* at ¶ 20 (citations omitted).

I.        Sufficiency of the Evidence

**¶6**        On review, this Court views the facts in the light most favorable to sustaining the jury's verdict and resolves all inferences against the defendant. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (citation and quotation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

        A.        Possession or Use of a Dangerous Drug

**¶7**        There was sufficient evidence to prove Cryer committed the crime of possession or use of a dangerous drug. This crime is proven when a person knowingly possesses or uses a dangerous drug. A.R.S. § 13-3407(A)(1) (2011). Methamphetamine is a dangerous drug pursuant to A.R.S. § 13-3401(6)(a)(xxxviii) (2014). The State offered the testimony of the arresting officer that upon searching the vehicle he found a paper containing a substance he believed to be methamphetamine. The officer also testified that Cryer admitted the methamphetamine was his and that he had just purchased the drugs for $35. Additionally, a forensic scientist testified that he performed the requisite tests on the substance and determined that it was in fact methamphetamine.

---

2        We cite to the current version of statutes unless changes material to the decision have since occurred.

B.       Possession of Drug Paraphernalia

¶8        There was also sufficient evidence to prove Cryer was in possession of drug paraphernalia. Under A.R.S. § 13-3415(A) "[i]t is unlawful for any person to use, or to possess with the intent to use, drug paraphernalia to . . . pack, repack, store, contain, [or] conceal . . . a drug." A.R.S. § 13-3415(A) (2017). The State offered the testimony of the arresting officer that during the search of the car he found a cigarette pack that contained a substance that was later determined to be methamphetamine. The officer also testified that Cryer admitted the cigarette pack was his. The court also admitted into evidence the cigarette pack the drugs were stored in.

II.       Cryer's Issues for Review

¶9        Cryer raised three issues for this Court to review in his pro per supplemental brief. First, Cryer argues he was denied a fair trial because of juror bias. Specifically, he points to the bias of "at least [seven]" jurors who have connections to either law enforcement or members of the legal community. However, each of the jurors Cryer takes issue with answered "no" when asked if their connections to law enforcement or the legal community would make it difficult for them to be unbiased. *See State v. Blackman*, 201 Ariz. 527, 533, ¶ 12 (App. 2002) (holding a court "need not remove jurors who ultimately assure the trial court that they can be fair and impartial."). In addition, Cryer contends that one of the jurors knew the trial judge because their daughters played soccer together. The exchange between the two was as follows:

The Court:    I think you do know me, at some point. It's been
              a long time, though. Obviously, I didn't make
              an impression. I was pretty quiet on the
              sidelines.

Juror:        I wasn't.

The Court:    You were not. All right.

The transcript shows that although the judge recognized the juror, the juror did not recognize the judge. Additionally, a juror who knows a person involved in a case is not automatically barred from serving on a jury. *State v. Hill*, 174 Ariz. 313, 319 (1993) (citations omitted); *see State v. Brosie*, 24 Ariz. App. 517, 520-21 (1975) (finding trial judge did not abuse discretion by refusing to strike for cause a highway patrolman who knew the prosecutor by sight). Thus, there was no error in not striking the juror.

¶10 Second, Cryer believes the State's motions for a Rule 609 hearing to impeach Cryer's possible testimony by showing prior felony convictions, as well as the motion in limine to prevent evidence regarding Cryer's mental health, were prejudicial in nature. Additionally, Cryer complains these motions were made without "defense's objection or contestation."

¶11 Arizona law holds impeachment evidence of prior felony convictions is not only proper and constitutional, but does not unreasonably impinge on a defendant's right to testify. *State v. Harding*, 141 Ariz. 492, 498-99 (1984) (citations omitted). In any event, Cryer chose not to testify at trial and therefore "waive[d] his right to challenge the trial court's ruling on the admissibility of a prior conviction." *State v. Lee*, 189 Ariz. 608, 617 (1997) (citations omitted).

¶12 As to the motion in limine, there is no evidence that the court ever made a ruling on the motion, nor did the defense attempt to introduce evidence of Cryer's mental health. As such, we do not address this issue. *See Reid v. Van Winkle*, 31 Ariz. 267, 270-71 (1927) (finding a party is deemed to have abandoned issue when trial court did not rule on motion; issue waived on appeal).

¶13 Additionally, Cryer argues that both the Rule 609 motion and motion in limine were made without his counsel's objection. We view that argument as an ineffective assistance of counsel claim. Claims of ineffective assistance of counsel cannot be considered on direct appeal, but only through a Rule 32 petition for post-conviction relief. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

¶14 Finally, Cryer argues that the court's use of his historical felony priors for sentencing purposes was incorrect, and he therefore was sentenced to a longer period than he should have been. As discussed *infra*, we find that Cryer's sentencing was appropriate and statutorily correct.

III. Sentencing

¶15 Cryer received the following mitigated and presumptive concurrent sentences: seven years' imprisonment for Count 1, possession or use of dangerous drugs, a class 4 non-dangerous repetitive felony; and 3.75 years' imprisonment for Count 2, possession of drug paraphernalia, a class 6 non-dangerous repetitive felony. The court found that Cryer had more than two prior felony convictions, placing him as a category three repetitive offender. A.R.S. § 13-703(C) (2016). Under A.R.S. § 13-703(J) the presumptive sentence for a class 4 felony is ten years, and a mitigated

sentence is six years. Additionally, a sentence for a class 6 felony has a presumptive 3.75 years.

¶16          Cryer argues that the historical priors the State used to enhance his sentence were not historical priors under A.R.S. §§ 13-105(22)(a)(i) (2015) and 13-3401(36)(e). However, a historical prior felony conviction is "[a]ny felony conviction that is a third or more prior felony conviction." A.R.S. § 13-105(22)(d). Cryer had seven prior felony convictions, and he admitted to those priors. As such, there was no error in his sentences.

¶17          The court gave Cryer sixty-nine days of presentence incarceration credit. Cryer was arrested on March 15, 2015 and was released on bail the following day. Cryer's release was revoked on January 15, 2016 for failure to comply with pretrial services. He was released on bail later that same day. Cryer was taken into custody after the jury found him guilty on March 31, 2016. His sentencing hearing was held June 8, 2016. The number of days between the guilty verdict and his sentencing was sixty-nine days. However, a defendant is entitled to a full day of presentence incarceration credit for any partial day spent in custody. *State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993). As such, Cryer is entitled to an additional three days of presentence incarceration credit for the three partial days he spent in jail prior to trial. Therefore, pursuant to A.R.S. § 13-4037 (2017), this Court modifies Cryer's sentences to reflect a total of seventy-two days of presentence incarceration credit. *See State v. Stevens*, 173 Ariz. 494, 496 (App. 1992).

**CONCLUSION**

¶18          For the foregoing reasons, we affirm Cryer's convictions, but modify his sentence to reflect seventy-two days of presentence incarceration credit.

